**Ex parte James DEMOUCHETTE.**

**No. 68940.**

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

Rehearing Denied June 23, 1982.

Stanley G. Schneider, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

ODOM, Judge.

This is a post-conviction application for habeas corpus relief filed pursuant to Art.

---

11.07, V.A.C.C.P. Petitioner was convicted of capital murder and punishment was assessed at death. *Demouchette v. State*, 591 S.W.2d 488 (Tex.Cr.App.).

In his application petitioner contends inter alia that his:

"Fifth Amendment right against self-incrimination was violated at the punishment phase of Petitioner's capital murder trial by the State's presentation of Dr. Jerome Brown's testimony which was based upon his examination of Petitioner without advising either Petitioner or his attorneys that the results of the examination would be used against him at the punishment phase of Petitioner's capital murder trial."

The State and petitioner agreed to a stipulation of evidence regarding the facts upon which the above allegation was based, and the habeas court adopted that stipulation of evidence as its findings of fact. Those findings support petitioner's assertions that neither he nor his attorneys were advised that the results of Dr. Brown's examination could be used against him at the punishment stage of his capital murder trial, and that the results of the examination were so used.

The issue raised here was decided in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359. There the court held:

"The considerations calling for the accused to be warned prior to custodial interrogation apply with no less force to the pretrial psychiatric examination at issue here. Respondent was in custody at the Dallas County Jail when the examination was ordered and when it was conducted. That respondent was questioned by a psychiatrist designated by the trial court to conduct a neutral competency examination, rather than by a police officer, government informant, or prosecuting attorney, is immaterial. When Dr. Grigson went beyond simply reporting to the court on the issue of competence and testified for the prosecution at the penalty phase on the crucial issue of respondent's future dangerousness, his role changed and became essentially like that of an agent of the State recounting unwarned statements made in a post-arrest custodial setting. During the psychiatric evaluation, respondent assuredly was 'faced with a phase of the adversary system' and was 'not in the presence of [a] person[ ] acting solely in his interest.' [*Miranda v. Arizona*, 384 U.S. 436] at 469, 16 L.Ed.2d 694, 86 S.Ct. 1602, [at 1625] 10 Ohio Misc. 9, 36 Ohio Ops.2d 237, 10 ALR3d 974. Yet he was given no indication that the compulsory examination would be used to gather evidence necessary to decide whether, if convicted, he should be sentenced to death. He was not informed that, accordingly, he had a constitutional right not to answer the questions put to him.

"The Fifth Amendment privilege is 'as broad as the mischief against which it seeks to guard,' *Counselman v. Hitchcock*, 142 U.S. 547, 562, 35 L.Ed. 1110, 12 S.Ct. 195 [197] (1892), and the privilege is fulfilled only when a criminal defendant is guaranteed the right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence.' *Malloy v. Hogan*, 378 U.S. 1, 8, 84 S.Ct. 1489 [1493,] 12 L.Ed.2d 653 (1964). We agree with the Court of Appeals that respondent's Fifth Amendment rights were violated by the admission of Dr. Grigson's testimony at the penalty phase."

While it is true that the findings of fact in this case recite Dr. Brown did advise petitioner that he did not have to answer any question, petitioner was not advised that his answers could be used to produce evidence against him at the punishment stage. Under the holding in *Estelle v.*

*Smith,* supra, this constituted a violation of petitioner's Fifth Amendment rights.[1]

Although *Estelle v. Smith,* supra, concluded that only the death penalty was nullified by the error, and that the underlying conviction was not thereby voided, in Texas practice such error requires reversal of the conviction, not reformation of the punishment. Contrast *Evans v. State,* 614 S.W.2d 414 (Tex.Cr.App.), with *Wallace v. State,* 618 S.W.2d 67 (Tex.Cr.App.). Accordingly, the judgment of conviction against petitioner in Cause No. 253590 in the 180th District Court of Harris County is set aside and petitioner is remanded to custody of the Sheriff of Harris County to answer the indictment pending against him in said cause. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.

1. Failure to object at trial did not waive the right. *Estelle v. Smith,* supra, at footnote 12.