**Robert Allan MAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66248.**

Court of Criminal Appeals of Texas.

May 26, 1982.

Ken J. McLean, W. B. "Bennie" House, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Susan W. Crump and Ted Poe, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

James Madison WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00059–CR.

Court of Appeals of Texas,
Dallas.

Nov. 16, 1981.

OPINION ON REMAND FROM THE
SUPREME COURT OF THE
UNITED STATES

ONION, Presiding Judge.

On original submission, a majority of this court affirmed appellant's conviction for capital murder wherein the punishment was assessed at death. *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981). Thereafter, appellant successfully petitioned the Supreme Court of the United States for a writ of certiorari. On November 2, 1981, the judgment of conviction was vacated by the Supreme Court and the case remanded to this court for further consideration in light of *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). See *May v. Texas*, —— U.S. ——, 102 S.Ct. 497, 70 L.Ed.2d 37 (1981).

The record now reflects that on April 30, 1982 a proclamation was signed by The Honorable William P. Clements, Jr., Governor of the State of Texas, purporting to "grant" the appellant a commutation of sentence from death to life imprisonment.[1] In light of the Governor's action, any error in light of *Adams v. Texas*, supra, no longer exists, and we are now compelled to apply the disposition directed by the majority in *Adams v. State*, 624 S.W.2d 568 (Tex.Cr. App.1981), and affirm the judgment of the trial court.

It is so ordered.

ROBERTS, J., concurs.

---

1. Judges Clinton and Teague and this writer remain convinced that commutation is not for resentencing prisoners whose sentences have been vacated, but rather, an act appropriate for reducing existing sentences. See *Adams v. State*, supra (Dissenting Opinion).