## Ex parte Sammie Norman ENGLISH.

### No. 68953.

Court of Criminal Appeals of Texas.

Sept. 15, 1982.

On Rehearing Dec. 15, 1982.

Stanley G. Schneider, Richard L. McGonigle, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Larry P. Urquhart, Asst. D.A., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post-conviction application for habeas corpus relief pursuant to Article 11.-07, V.A.C.C.P. The applicant was convicted of the offense of capital murder with the penalty of death. The conviction was af-firmed by this Court; English v. State, 592 S.W.2d 949 (Tex.Cr.App.1980), cert. denied 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1981).

The applicant now asserts that his privilege against self-incrimination and the right to effective assistance of counsel were violated when psychiatric testimony was admitted at the punishment stage of his trial. The trial court has made specific findings of fact, which are supported by the record, that the applicant before a pretrial psychiatric examination was not informed that he did not have to participate and that he could remain silent, that his statements and the psychiatric testimony based on the examination could be used at the punishment stage of his trial. Also, the applicant's counsel were not notified in advance that the psychiatric examination was being made to prepare the psychiatrist to testify on the issue of the applicant's dangerousness.

The Supreme Court's holding in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) requires the reversal of the judgment in this case. See also Ex parte Demouchette, 633 S.W.2d 879 (Tex.Cr. App.1982); Clark v. State, 627 S.W.2d 693 (Tex.Cr.App.1982) affirmed on rehearing following the Governor's commutation of sentence; Thompson v. State, 621 S.W.2d 624 (Tex.Cr.App.1981); Fields v. State, 627 S.W.2d 714 (Tex.Cr.App.1982).

The psychiatrist's testimony and opinion in this case was based on his examination of the applicant. The hypothetical questions propounded to the witness also incorporated the witness' own examination and findings concerning the applicant. Cf. Vanderbilt v. State, 629 S.W.2d 709 (Tex.Cr.App.1981).

The relief sought will be granted.

It is so ordered.

## OPINION ON STATE'S MOTION FOR REHEARING

PER CURIAM.

After we delivered our original opinion in this cause, the Governor issued a proclamation on November 18, 1982, which commut-

ed the death penalty to life imprisonment. Because of the Governor's action, any error in light of *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), no longer exists.

Accordingly, the State's Motion for Rehearing is granted and the relief requested by the applicant is denied. See *Adams v. State,* 624 S.W.2d 568 (Tex.Cr.App.1981); *May v. State,* 632 S.W.2d 751 (Tex.Cr.App. 1982).

It is so ordered.

CLINTON and TEAGUE, JJ., dissent.