Randy Glenn GREEN,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–2324
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 31, 1983.

Rehearing and Rehearing En Banc
Denied Aug. 22, 1983.

Charles W. Medlin, Houston, Tex., Joel Berger, NAACP Legal Defense & Educ. Fund, Jack Greenberg, Anthony G. Amsterdam, New York City, for petitioner-appellant.

Mark White, Atty. Gen. of Tex., Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Petitioner Green attacks his death sentence on the ground that psychiatrists' testimony at the penalty phase violated Fifth and Sixth Amendment rights under *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). The district court denied the writ on the ground that petitioner waived his right to assert the claim by collateral attack, because Texas requires a contemporaneous objection and interposes a procedural bar to subsequent complaint which we respect under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In this the district court erred, because Texas would not interpose a procedural bar by virtue of the failure to object on constitutional grounds to the psychiatrists' testimony.

In *Cuevas v. State,* 641 S.W.2d 558, 563 (Tex.Cr.App.1982) the Texas Court said:

Where a defect of constitutional magnitude has not been established at the time of trial, the failure of counsel to object does not constitute waiver. *Ex Parte Sanders,* 588 S.W.2d 383.

Green's trial was conducted prior to the Supreme Court's opinion in *Estelle v. Smith.* The Texas Attorney General argues that the Texas court so rules because of a misreading of constitutional requirement rather than a state procedural rule. We think the reasons for the Texas rule are irrelevant in the application of *Wainwright v. Sykes.* If counsel's failure to object does not bar subsequent complaint under Texas law, it does not waive the constitutional complaint here.

REVERSED and REMANDED.