Randy Glenn GREEN,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–2324.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1983.

Joel Berger, Jack Greenberg, Anthony G. Amsterdam, NAACP Legal Defense & Education Fund, New York City, for petitioner-appellant.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

## ON SUGGESTION FOR REHEARING EN BANC

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

In our original decision at 706 F.2d 148 we held that Texas would not apply a procedural bar to the merits of Green's claims, that psychiatrists' testimony at the penalty phase of his trial violated his Fifth and Sixth Amendment rights under *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), and that the district court accordingly erred in applying *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) to those claims. The State, on rehearing, asserts that Texas would and did apply its contemporaneous objection rule to bar review of Green's claims. We disagree.

The State first argues that the denial of Green's state habeas petition was clearly based on procedural grounds. The Court of Criminal Appeals in its October 26, 1981 order says nothing of its reasons for rejecting Green's application. It merely states:

> This Court is of the opinion that said application for stay of execution should be denied and that all relief requested in said application for writ of habeas corpus, ..., should be denied.

Two justices note their dissent "on the basis of footnote 12 of *Estelle v. Smith.*" That footnote of the Supreme Court's opinion did endorse the view that Smith had not waived his Fifth and Sixth Amendment rights by failing to object at trial. This notation by the dissenting Texas justices indicates the procedural default was germane to the decision in Green's case. If the Texas law at that time established the procedural default to be a waiver of the same or similar claims, we would assume that the Texas Court knew and applied its own law. *See Preston v. Maggio,* 705 F.2d 113, 116 (5th Cir.1983). We could then read the Texas law into the order of that court, and this construction would be buttressed by the notation of the dissenting justices. If, however, the Texas law, on the question of whether such a claim was effectively waived by the failure to make a contemporaneous objection, was uncertain or to the contrary; again we would assume that the court knew and applied its own law and would not brush off a death case on infirm and silent grounds. That assumption could not be overcome by the notation of the dissenting justices.

When we turn to the Texas law, our best reading is that Green's claim, as of 1981 and until recently, was *not* barred by the failure to object. As of today we think the Texas law is still uncertain on the point.

There are two lines of cases in which Texas reached the merits of similar claims. The first line is exemplified by *Ex Parte Demouchette,* 633 S.W.2d 879 (Tex.Cr.App. 1982) and *Ex Parte English,* 642 S.W.2d 482 (Tex.Cr.App.1982). In *Demouchette,* the court specifically noted that "failure to object at trial did not waive the right," 633

S.W.2d at 881 n. 1, citing footnote 12 of *Estelle v. Smith.* These cases, while relying on federal law, reached the merits of cases similar to Green's.

The second line of cases is exemplified by the case cited in our original opinion, *Cuevas v. State,* 641 S.W.2d 558, 563 (Tex.Cr.App.1982), where the court said:

> Where a defect of constitutional magnitude has not been established at the time of trial, the failure of counsel to object does not constitute waiver.

The basis of this rule is that "there was no tactical or logical reason for counsel's failure to object other than the fact that the defect had not been established at the time of trial." *Crawford v. State,* 617 S.W.2d 925, 940 (Tex.Cr.App.) (rehearing), *cert. denied,* 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 431 (1981). The rationale of these cases would have applied to Green's habeas petition since at the time of his original trial, *Estelle v. Smith* had not been decided.

The State cites a recent opinion of the Court of Criminal Appeals which may change the Texas rule. It is *Parker v. State,* 649 S.W.2d 46 (Tex.Cr.App.1983). After rejecting Parker's claims on another ground, the Court does write that Texas will apply its contemporaneous objection rules to claims under *Smith v. Estelle.* It says:

> This court has granted relief under *Estelle v. Smith, supra* in some cases, even though no contemporaneous objection was made at trial, applying what this court perceived to be federal constitutional law rejecting a waiver of this error. These decisions did not decline to enforce the state contemporaneous objection requirement.

*Id.* at 54–55.

Since Texas was not enforcing, at least "in some cases," its contemporaneous objection requirement in 1981 when the Green habeas was denied, it would be impossible for us to assume that this was the silent ground for that denial.

Furthermore, we have some question whether Texas has yet overruled the *Cuevas* and *Crawford* cases. Even though Par-

ker's trial was prior to *Smith v. Estelle,* the court does not appear to consider that line of cases. The cases *Parker* cites for the proposition that failure to object can waive constitutional claims are cases in which the constitutional right had been established prior to the accused's trial. *E.g. Moulden v. State,* 576 S.W.2d 817 (Tex.Cr.App.1978) (failure to object on *Miranda* grounds was waived by defendant's failure to object); *Corley v. State,* 582 S.W.2d 815 (Tex.Cr.App.), *cert. denied,* 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979) (failure to object to introduction of an oral confession was waived). In fact, one of the cases, *Boulware v. State,* 542 S.W.2d 677 (Tex.Cr.App. 1976), *cert. denied,* 430 U.S. 959, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977), discusses the difference between these two lines of cases, stating:

> In *Ex Parte Casarez,* 508 S.W.2d 620 (Tex.Cr.App.1974), we held that where an accused's trial occurred prior to *Argersinger [Argersinger v. Hamlin,* 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530] (1972)] counsel's failure to object upon a ground not yet established as a defect of constitutional magnitude did not constitute a waiver . . . . The [non]waiver rule was not applied to cases tried after *Argersinger.*

*Id.* at 682. Whether the Court of Criminal Appeals has confronted and rejected its writing in *Boulware* or *Cuevas,* we cannot know.

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.