**Larry Wayne WHITE,
Petitioner-Appellee,**

v.

**W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.**

No. 83–2169.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1983.

Rehearing Denied Dec. 23, 1983.

Calvin A. Hartmann, Winston Earle Cochran, Jr., Asst. Dist. Attys., Houston, Tex., for respondent-appellant.

Edmund Larry Cantu, William B. Allison, Houston, Tex., for petitioner-appellee.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

TATE, Circuit Judge:

The state of Texas appeals the district court's judgment, 554 F.Supp. 851, that granted, after an evidentiary hearing, the petition of Larry Wayne White, a Texas inmate, for a writ of habeas corpus. 28 U.S.C. § 2254. Finding that under *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), White's fifth, sixth, and fourteenth amendment rights were violated by the introduction of the testimony of psychiatric witnesses at the penalty hearing, the district court vacated White's 1979 death sentence. On appeal, the state contends that (1) the district court erred in applying *Estelle v. Smith, supra* (1981), retroactively to White's 1979 case, (2) that the district court erred in finding that *Estelle v. Smith, supra,* applied to the psychiatric testimony presented at the sentencing phase of

White's case, (3) that, as to some of the testimony of one of the mental examiners, the federal court was barred by the Texas contemporaneous objection rule from considering White's claim, and (4) that any error in admitting the psychiatric testimony was harmless beyond a reasonable doubt. Finding no merit to the state's contentions, we affirm the district court's judgment granting habeas relief and vacating White's death sentence.

White was convicted of capital murder in June 1979. Following a capital conviction, a sentencing hearing is held at which three issues are submitted to the jury, mandating upon an affirmative jury finding the imposition of a capital sentence. One of these issues concerns the accused's propensities for future violence. The *Estelle v. Smith* issue in White's case results from the introduction into evidence at this penalty hearing of the testimony of two court-ordered mental examiners and their expressed professional opinion that there was a probability that White would commit future acts of violence.[1]

At the state trial, White had not raised the issue of his mental competency to stand trial. However, in April 1979 the state trial court granted the state's motion for psychiatric testimony and ordered that members of the Harris County psychiatric unit "conduct a psychiatric examination" of White. This was the general form of an order used by that state court to determine whether or not the defendant is competent to stand trial. R. II, pp. 44–45. The defendant White was not advised of his right to remain silent nor forewarned that any disclosure made during the mental examinations would be used against him as evidence, if convicted, in a penalty hearing that might result in a capital sentence. Nor was defense counsel apprised in advance of the scope of the psychiatric hearing as comprehending the issue of White's propensity for future violence for purposes of use in the penalty hearing.

Under these circumstances, the district court held that under *Estelle v. Smith, supra,* White's fifth, sixth, and fourteenth amendment rights were violated by use at the penalty hearing of the court-ordered mental examiners' testimony that the jury might reasonably believe was founded upon information obtained by these mental examiners as a result of the court-ordered psychiatric examinations of White.

██ The state first argues that the ruling in the Supreme Court's 1981 decision of *Estelle v. White* should not be retroactively applied to this 1979 penalty hearing. We have already rejected this contention. *Battie v. Estelle,* 655 F.2d 692 (5th Cir. 1981). Under the precedent theory of this court, one panel may not overrule an earlier decision of another panel of this court squarely on point and in the absence of intervening and overriding Supreme Court decisions.

██ The state next argues that *Estelle v. White* was not offended because the questions eliciting the expert witnesses' professional opinion on White's propensity for future violence were couched in terms of "hypothetical" questions, although thinly veiled and patterning exactly White's prior criminal activity. The questions had been preceded by the testimony of each of the witnesses that they had examined White and had concluded that he possessed an anti-social personality. The district court found that, in the context of the entire interrogation, the answers to the "hypotheticals" (in one of which, White's name was used)—closely tailored to fit White himself—reasonably indicated that the psychiatric prognosis of White's future dangerousness was influenced by and derived from the court-ordered pretrial psychiatric examinations (as, in fact, one of the two witnesses agreed was highly possible). Based upon our ex-

---

1. This question to each of the mental witnesses was couched in terms of a hypothetical closely tailored to fit White's history. In each instance, defense counsel objected to the question on the ground, inter alia, that the information requested in the hypothetical question violated White's fifth amendment rights. State Record, Volume IV, p. 1682 (Dr. Nottingham) and p. 1701 (Dr. Brown).

amination of the state sentencing hearing, as well as of the testimony taken at the federal habeas hearing, we do not find this determination by the district judge insofar as factual to be clearly erroneous, so as to be reversible on appellate review. Fed.R. Civ.P. 52(a).

Aside from the mental witnesses' opinions allegedly based on "hypotheticals", the district court also found that the state introduced the testimony of the psychologist (Dr. Brown) in violation of *Estelle v. Smith* at the penalty hearing. Dr. Brown's testimony in this regard was admittedly based upon his court-ordered examination of White. Dr. Brown testified that White had an anti-social "hedonistic" personality (tied in by subsequent questioning of the witness as being a "sociopath"), a type of personality in which treatment was both unresponsive and with poor results. The questioning of this witness had developed that a person of this type of personality disorder was oriented more or less toward the moment and considered little in terms of the future consequences of his acts, and that a sociopath was characterized by an absence of remorse or guilt for past crimes and an inability to profit from past experience. The questioning was obviously directed towards White's propensity for future violence.

 No objection was made at the time to the elicitation of this phase of Dr. Brown's testimony, and the state argues that federal habeas review of it is barred by the Texas contemporaneous objection rule. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, the Texas courts did not clearly reject White's petition for state collateral relief on that procedural ground; the district court therefore correctly concluded that the Texas court's decision to deny relief was based on the merits and thus did not foreclose federal review. *Bell v. Watkins,* 692 F.2d 999, 1006 (5th Cir.1982). *See also Green v. Estelle,* 706 F.2d 148 (5th Cir.), *reh'g denied,* 712 F.2d 995, 996 (5th Cir.1983) (holding that the Texas contemporaneous objection rule did not bar consideration of fifth and

sixth amendment claims raised under *Estelle v. Smith* ).

 The state of Texas lastly contends that any error occasioned by the admission of the psychiatric testimony was harmless beyond a reasonable doubt. We cannot conclude that evidence admitted on a critical issue in the sentencing phase of a capital case, in violation of White's constitutional rights, constituted harmless error beyond a reasonable doubt. *See Holloway v. Arkansas,* 435 U.S. 475, 489–90, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978).

Accordingly, the district court's judgment granting habeas corpus relief and vacating White's capital sentence is AFFIRMED.

AFFIRMED.