**Rodney Wayne CHITWOOD, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 05–85–00208–CR, 05–85–00209–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 2, 1986.

Russ Henrichs, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas County, Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and DEVANY, JJ.

DEVANY, Justice.

In *Long v. State,* 694 S.W.2d 185 (Tex. App.—Dallas, no pet.), this court held section 2 of article 38.071 of the Texas Code of Criminal Procedure unconstitutional. In this appeal, we are called upon to determine whether, by failing to object, Rodney Wayne Chitwood, the appellant here, waived his right to complain of the State's use of a video tape of a child pursuant to that statute at a trial held before *Long* was issued. We conclude that he has and, therefore, affirm the judgment of the trial court.

Constitutional errors may be waived by failure to object. *Boulware v. State,* 542 S.W.2d 677, 682 (Tex.Crim.App. 1976). However, "a defendant has not waived his right to assert a constitutional violation by failing to object at trial if at the time of his trial the right has not been recognized." *Ex Parte Chambers,* 688

S.W.2d 483, 486 (Tex.Crim.App.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 181, 88 L.Ed.2d 150 (1985). There are exceptions to this exception where the decision by counsel not to object could likely have been attributable to some tactical or logical reason other than the fact that the constitutional defect had not been established at the time of trial. *Crawford v. State,* 617 S.W.2d 925, 940 (Tex.Crim.App.1981). Here, counsel for appellant did not merely fail to object to the admission of the videotape. When the State offered it into evidence, before the trial court made any statement at all, defense counsel affirmatively volunteered, "I've seen it judge. No objections." Only at this point did the trial court admit it. This appears to have been a tactical decision by counsel. Perhaps, after viewing the videotape, counsel had concluded the child's testimony was unbelievable, thereby weakening the State's case. We have carefully read the transcript of the videotape of the child and note that there is a conflict in the child's statement of where a witness to the crime was at the time of the crime, and the testimony of another witness at trial. Furthermore, the child stated that he did not know if appellant was a relative of his, which may have diminished the jury's view of his competency.

Aside from the apparent tactical aspects of his failure to object, appellant had sufficient notice of the existence of a viable attack upon the constitutionality of article 38.071 § 2 for us to hold that he has waived his right to object to it for the first time on appeal. In *Ex Parte Chambers,* 688 S.W.2d 483, Judge Campbell, in a concurring opinion joined by five other judges, discussed the procedural default rule. He first analyzed the federal habeas corpus rule by which the petitioner must demonstrate "cause and prejudice" for failing to timely object. He noted *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) in which the court held that the futility of an objection did not excuse the absence of one, and *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) where the court held that cause is shown if the

"constitutional claim is so novel that its legal basis is not reasonably available to counsel . . ." 104 S.Ct. at 2910.

In the instant case, the *Long* decision is a new specific application of the old right to confrontation. It is, however, not the "clear break with the past" that is foreseen under the federal test. 104 S.Ct. at 2911. Article 38.071 did not become effective until August 29, 1983. It was this recently enacted statute that was the break with the past. At least the issue (if not its ultimate determination) of an unconstitutional infringement on the right of confrontation was readily apparent in this statute, which denied the right of contemporaneous and complete confrontation without strict necessity through the admission of hearsay videotapes containing no indicia of reliability. Appellant's claim would therefore fail under the federal test. We must, however, still determine if his claim is sufficient under our State standard.

In *Ex Parte Chambers,* 688 S.W.2d at 486, Judge Campbell stated, after reviewing the federal habeas corpus standard:

> Of equal significance to this writer is *this* State's own procedural default rule. While the teachings of *Engle* and *Reed* may be instructive, they are in no way binding on this Court. This Court has for at least twelve years held that a defendant has not waived his right to assert a constitutional violation by failing to object at trial if at the time of his trial the right had not been recognized. In view of these cases decided by this Court and in view of the extension by the Supreme Court of the doctrine in *Engle v. Isaacs* to its current posture in *Reed v. Ross,* I would reaffirm the holding in *Cuevas,* that "where a defect of constitutional magnitude has not been established at the time of trial, the failure of counsel to object does not constitute waiver". (citations omitted) (emphasis in original).

While the language employed in *Chambers* is broad, in every Texas case in which the defendant successfully challenged his

conviction based upon a subsequently established constitutional defect, the new principle relied upon overruled considerable Court of Criminal Appeals case law or was, in fact, quite novel and an objection based upon it would have been futile. *Ex Parte Chambers*, 688 S.W.2d 483; *Cuevas v. State*, 641 S.W.2d 558 (Tex.Crim.App.1982); *Sanders v. State*, 588 S.W.2d 383 (Tex.Crim.App.1979); *Ex Parte Casarez*, 508 S.W.2d 620 (Tex.Crim.App.1974); *Ex Parte Taylor*, 484 S.W.2d 748 (Tex.Crim.App.1972).

The instant case is readily distinguishable from the cited cases in which there was held to be no waiver. There was no long established practice sanctioned by the courts which would have made an objection to the constitutionality of this newly enacted statute either novel or futile. Indeed, at the time of trial, only one court of appeals had briefly addressed the constitutionality of article 38.071, and a petition for discretionary review in that case is currently pending before the Court of Criminal Appeals. *Jolly v. State*, 681 S.W.2d 689, 695 (Tex.App.—Houston (14th Dist.) 1984, pet. pending). While *Chambers* apparently indicates that the Texas procedural default rule is not co-extensive with the federal habeas corpus rule, we nevertheless hold that appellant waived his objection to this *new* and obviously constitutionally *questionable* statute by failing to object to it at trial. The right to confrontation is too fundamental in our law for an appellant to affirmatively permit the introduction of a video tape and then later claim this right has been violated.

The judgments of the trial court are affirmed.