

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0822-08

**NIKOLAI IVANOV KARENEV, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## DENTON COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, and HOLCOMB, JJ., joined. COCHRAN, J., filed a concurring opinion in which PRICE, WOMACK, and JOHNSON, JJ., joined.

The question in this case is whether a facial challenge to the constitutionality of the harassment statute may be raised for the first time on appeal. We hold that it may not, and we reverse the judgment of the court of appeals.

### I. BACKGROUND

Elena Karenev filed for a divorce from appellant in October 2004. During March of 2005,

appellant sent Elena several e-mail messages. These messages became the basis of a prosecution for harassment.[1] Consistent with the allegations in the information, the jury charge provided that the jury find appellant guilty if it found beyond a reasonable doubt that he:

> did then and there with the intent to harass, annoy, alarm, abuse, torment, or embarrass Elena Karenev, send electronic communications to Elena Karenev in a manner reasonably likely to harass or annoy or alarm or abuse or torment or embarrass or offend the said Elena Karenev, to wit: sending harassing and/or threatening e-mail to Elena Karenev with the intent to harass, annoy, alarm, abuse, torment, or embarrass Elena Karenev.

Appellant was convicted. On appeal, he claimed for the first time that the harassment statute was unconstitutionally vague.

The court of appeals held that a challenge to the constitutionality of a statute as applied to a particular defendant must be raised at trial in order to preserve error.[2] But the court also held, based on one of its earlier decisions[3] and relying upon what it called the *Rabb*[4] rule, that a claim that a statute is unconstitutional on its face may be raised for the first time on appeal.[5] The court of appeals outlined the following rationale for this "*Rabb* exception" to the contemporaneous objection rule:

---

[1] *See* TEX. PENAL CODE §42.07(a)(7). Appellant was also prosecuted for harassment on the basis of telephone calls, but the jury acquitted him of that charge, so we are not concerned with it here.

[2] *Karenev v. State*, 258 S.W.3d 210, 213 (Tex. App.–Fort Worth 2008).

[3] *Barnett v. State*, 201 S.W.3d 231 (Tex. App.–Fort Worth 2006, no pet.).

[4] *Rabb v. State*, 730 S.W.2d 751 (Tex. Crim. App. 1987).

[5] *Karenev*, 258 S.W.3d at 213 (quoting *Barnett*, 201 S.W.3d at 232-33).

[I]f the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it. Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute. Because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating.[6]

The court of appeals then proceeded to address whether the harassment statute was constitutional on its face. Discussing and relying upon the Fifth Circuit's decision in *Kramer v. Price*,[7] and our decisions in *May v. State*[8] and *Long v. State*,[9] the court of appeals held that the portion of the harassment statute under which appellant was prosecuted was unconstitutionally vague on its face because it suffered from the same defects that prompted the Fifth Circuit and this Court to declare earlier versions of the statute unconstitutional.[10] Consequently, the court of appeals held that the statute was void and rendered a judgment of acquittal.[11]

In its petition for discretionary review, the State claims that (1) appellant forfeited his facial challenge to the constitutionality of the harassment statute by failing to raise it in the trial court, and (2) the statute is not unconstitutionally vague.

---

[6] *Id.*.

[7] 712 F.2d 174 (5th Cir.), *reh'g en banc granted*, 716 F.2d 284 (1983), *grant of relief aff'd*, 723 F.2d 1164 (1984).

[8] 765 S.W.2d 438 (Tex. Crim. App. 1989).

[9] 931 S.W.2d 285 (Tex. Crim. App. 1996).

[10] *Karenev*, 258 S.W.3d at 213-18.

[11] *Id.* at 218.

## II. ANALYSIS

The State advances several arguments in support of its contention that appellant forfeited error by failing to object at trial.  First, the State attacks the *Rabb* opinion as poorly reasoned. Second, the State claims that the court of appeals's "lack of jurisdiction" rationale is undercut by the 1985 amendment to Article V, §12 of the Texas Constitution that provided that the presentment of an information or indictment vests the trial court with jurisdiction over the cause.  Third, the State relies upon *Nix v. State,*[12] contending that the "very nearly" exclusive list of rare situations in which a trial court's judgment is void does not include statutes that are facially unconstitutional.  Finally, the State contends that the procedural default rule it urges has been adopted in other jurisdictions.

### 1. *Federal Cases*

It appears that the trend in federal courts is to disallow facial constitutional challenges that were not raised in the trial court.  In some early cases, the United States Supreme Court held that a challenge to the constitutionality of the statute that defines the crime could be raised for the first time on habeas corpus because, if successful, it would render the statute void, affecting "the foundation of the whole proceedings."[13]  But the Court backed off from that statement in subsequent cases.  In *Glasgow v. Moyer*, the defendant was charged with depositing an obscene book in the United States

---

[12]  65 S.W.3d 664 (Tex. Crim. App. 2001).

[13]  *Ex parte Siebold*, 100 U.S. 371, 376-77(1879)(but ultimately upholding the statutes as constitutional); *see also Ex parte Yarbrough*, 110 U.S. 651, 654 (1884)("If the law which defines the offence and prescribes its punishment is void, the court was without jurisdiction and the prisoners must be discharged.").

mails.[14]  Among other claims, the defendant contended that the statute defining the offense with which he was charged was constitutionally invalid on several grounds.[15]  Declining to address the merits of his claims, the Supreme Court explained, "The writ of habeas corpus cannot be made to perform the office of a writ of error [appeal]."[16]  So long as the trial court "had jurisdiction to try the issues and to render judgment," the habeas court was not concerned with trial matters, including a claim that "the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense."[17]  In *Sunal v. Large*, the Supreme Court explained that  in the past it had recognized "some exceptions" to the general rule that habeas corpus "will not be allowed to do service for an appeal" but suggested that the trend has been to narrow the availability of habeas relief for these types of claims where an "appellate procedure was available for correction of the error."[18]  In a later case, the Supreme Court explained that the statement that an unconstitutional law is "not a law" must "be taken with qualifications."[19]  "The actual existence of a statute, prior to" a determination of unconstitutionality, "is an operative fact and

---

[14]  225 U.S. 420, 424 (1912).

[15]  *Id.* at 427-28.  The habeas petitioner raised the constitutional challenges to the offense provision for the first time on appeal in the federal habeas action, but the Supreme Court did not address this particular procedural complication.  *See id.*

[16]  *Id.* at 428.

[17]  *Id.*

[18]  332 U.S. 174, 177-179 (1947).

[19]  *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940).

may have consequences that cannot be justly ignored."[20]

In *United States v. Baucum*, the D.C. Circuit addressed a claim that a constitutional challenge to the federal "schoolyard statute" could be raised for the first time on appeal because it amounted to an attack on the trial court's subject matter jurisdiction.[21] In its own research, the D.C. Circuit was surprised to find no universally accepted answer to that question.[22] Citing *Glasgow* and *Yarbrough*, the court acknowledged the existence of "precedent on both sides of the issue," and, citing an Eleventh Circuit case, the court acknowledged that the defendant's "approach has some support in the caselaw."[23] Nevertheless, the D.C. Circuit held that, "[o]n balance . . . the weight of the precedent, as well as prudential considerations, counsel toward treating facial constitutional challenges to presumptively valid statutes as nonjurisdictional."[24] The court observed that the obligation of federal courts to raise subject matter jurisdiction questions *sua sponte* seems to conflict with the requirement that constitutional questions be avoided whenever possible.[25] The court further explained that the Supreme Court's holding in *Chicot* that an unconstitutional statute can be an "operative fact" constitutes a rejection of the broad-sweeping proposition that an unconstitutional

---

[20] *Id.*

[21] 80 F.3d 539, 540 (D.C. Cir. 1996).

[22] *Id.*

[23] *Baucum*, 80 F.3d at 540, 542.

[24] *Id.* at 540.

[25] *Id.* at 541.

statute is void *ab initio*.[26]   The D.C. Circuit found that, usually, federal circuit courts have either refused to address constitutional challenges to criminal statutes that were not raised at trial or have addressed such challenges under the rubric of "plain error."[27]

## 2. *Texas Cases*

The same trend is apparent in Texas.  Developments in the law of charging instruments and void judgments undercut the notion that a facial challenge to the constitutionality of a statute involves a question of "jurisdiction."  As currently written, the Texas Constitution defines an indictment or information, in part, as a "written instrument . . . charging a person with the commission of an offense" and provides: "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."[28]  This language was added in 1985 and was designed to overturn the doctrine that a trial court lacked jurisdiction if there was a "fundamental" defect in the charging instrument.[29]   Furthermore, we have narrowed the situations in which a judgment can be considered void, formulating a "very nearly" exclusive list in *Nix*:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law,  (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has

[26]  *Baucum*, 80 F.3d at 541.

[27]  *Id.* at 541, 541 n.2 (citing cases).

[28] T EX. CONST., Art. 5, §12(b).

[29]  *Studer v. State*, 799 S.W.2d 263, 268-70 (Tex. Crim. App. 1990).

not been waived, in violation of *Gideon v. Wainwright*.[30]

This list does not include a judgment resulting from a facially unconstitutional statute.

The court of appeals cited one of its earlier cases that purported to rely upon the "*Rabb* rule."[31] In *Rabb*, the defendant was charged with three offenses.[32] In each case, the defendant waived trial by jury, requested a referral to a magistrate, and pled guilty pursuant to an agreement.[33] For the first time on appeal, the defendant challenged the constitutionality of the Dallas County Magistrate's Act.[34] This Court's analysis regarding why the defendant's claim was not procedurally defaulted consisted of a single sentence: "Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal."[35] In support of this proposition, *Rabb* cited the court of appeals decision in *Moore v. State* and Judge Campbell's concurring opinion in *Ex parte Chambers*.[36]

---

[30] 65 S.W.3d at 668.

[31] *See* this opinion, *ante*.

[32] 730 S.W.2d at 751.

[33] *Id.* at 752.

[34] *Id.*

[35] *Id.*

[36] *Rabb*, 730 S.W.2d at 752 (citing *Moore v. State*, 672 S.W.2d 242 (Tex. App.–Houston [14th Dist.] 1984, no pet.) and *Ex parte Chambers*, 688 S.W.2d 483, 485 (Tex. Crim. App. 1985)(Campbell, J., concurring)). The *Rabb* opinion ultimately concluded that the Magistrate's Act was constitutional. 730 S.W.2d at 752-54.

*Rabb*'s summary statement suggests that it was treating the issue as one of settled law, but the opinion recited no binding authority for the proposition. We agree with the State that the authority that *Rabb* did cite, even if viewed for persuasive value, offers questionable support. *Moore* stated that "there is authority to conclude that this complaint is waived" but then said that it would address the merits of the defendant's constitutional challenge to the organized criminal activity statute because "the Court of Criminal Appeals generally permits constitutional issues to be raised for the first time on appeal."[37] Such an opinion can hardly be considered a solid endorsement for raising a claim for the first time on appeal, and the latter portion appears to be far too broad a statement of law, at least after *Marin v. State*.[38] Judge Campbell's concurring opinion in *Chambers* did not address whether a challenge to the constitutionality of a statute could be raised for the first time on appeal,[39] and indeed, that type of error was not before the Court.[40] Rather, Judge Campbell's concurrence argued for a "right not recognized" exception to the contemporaneous objection rule.[41] To the extent that Judge Campbell's position might be construed to inferentially

---

[37] *Moore*, 672 S.W.2d at 243.

[38] 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993)(categorizing the system as containing three different types of rules for the purpose of error preservation); *see also Sanchez v. State*, 120 S.W.3d 359, 365-66 (Tex. Crim. App. 2003)(*Marin* a watershed decision in the law of error preservation); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)("almost all error - even constitutional error - may be forfeited if the appellant failed to object").

[39] 688 S.W.2d at 485-86.

[40] *Id.* at 484-84 (Court's op.)(constitutional error at issue was the admission of expert testimony).

[41] *Chambers*, 688 S.W.2d at 486 (arguing for a right not recognized exception to the rule that a failure to object procedurally defaults a claim of improper admission of evidence).

support the ability to challenge the constitutionality of a statute for the first time on appeal, we observe that "'[t]he right not recognized' exception to the contemporaneous objection rule relates to a kind of fundamental error . . . that *Marin* generally eliminated from our jurisprudence."[42]

We recognize that this Court arrived at the same conclusion in *Rose v. State*, where a majority of the Court held that a facial challenge to the constitutionality of a parole instruction statute could be raised by an appellant for the first time on appeal.[43] But the lead opinion based its conclusion upon earlier, splintered decisions in which the *appellee* benefitted from a holding that the Speedy Trial Act was unconstitutional and where the lead opinions in those cases stated that an unconstitutional statute was "no law" and "void."[44] None of the opinions in the cited cases suggested that an *appealing* party would be relieved of the usual obligation to raise an objection at trial.[45] To the extent that the *Rose* plurality inferred by analogy that an appellant would not have to object because appellees do not have to do so, that basis for decision has been obviated by more recent caselaw that makes clear that an appellee has no obligation to preserve error.[46]

---

[42] *Sanchez,* 120 S.W.3d at 367.

[43] 752 S.W.2d 529, 553 (lead opinion), 555 (Teague, J. concurring), 557 (Duncan, J., concurring, joined by Miller, J.) (Tex. Crim. App. 1988).

[44] *Id.* at 553 (citing *Reyes* and *Jefferson*). *See Reyes v. State*, 751 S.W.2d 382, 382-84 (Tex. Crim. App. 1988)(plurality op.); *Jefferson v. State*, 751 S.W.2d 502, 502-03 (Tex. Crim. App. 1988)(lead opinion is a plurality, but dissent appears to agree with the proposition that an unconstitutional law affords no rights or protection that a defendant can now assert).

[45] *See Reyes* and *Jefferson*, *passim*.

[46] *Rhodes v. State*, 240 S.W.3d 882, 887 n.9 (Tex. Crim. App. 2007); *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007).

In his concurring opinion in *Rose*, providing the fifth vote, Judge Teague contended that, under well-established law, even absent objection, "a court will always adjudicate whether a statute is unconstitutional when its unconstitutionality is obvious and apparent."[47] This "obvious and apparent" rationale seems to be the exact opposite of the "right not recognized" rationale inferentially cited in *Rabb*.[48] We conclude that the "*Rabb/Rose*" rule is "a made-up . . . rule in search of a rationale to justify its existence."[49]

Both *Rabb* and *Rose* preceded *Marin*, our watershed case in the area of error preservation.[50] *Marin* took a functional approach to error preservation, dividing rules into three types: (1) absolute requirements or prohibitions, (2) rights that are waivable-only, and (3) rights that can be forfeited.[51] A facial challenge to the constitutionality of a statute falls within the third category. Statutes are

---

[47]  752 S.W.2d at 555.

[48]  We note that in *Long* we resolved a facial constitutional challenge to the stalking statute that was raised for the first time on appeal, but we did not address whether such a challenge should have been preserved by an objection at trial. Instead, in a footnote, we simply observed the State did not challenge the lower court's holding that the defendant could raise his facial attack on the stalking statute for the first time on appeal. *Long v. State*, 931 S.W.2d at 287 n.3 (Tex. Crim. App. 1996).

[49]  *See Ex parte Lewis*, 219 S.W.3d 335, 369 (Tex. Crim. App. 2007)(quoting *Ex parte Peterson*, 117 S.W.3d 804, 829 (Tex. Crim. App. 2003)(Hervey, J. dissenting)).

[50]  *See* footnote 41.

[51]  851 S.W.2d at 279-80. *Marin* briefly discussed *Rose*, but in doing so it did not cite *Rose* for the proposition that the facial unconstitutionality of a statute can always be raised on direct appeal; rather, *Marin* incorporated *Rose*'s holding into the functional approach of its framework, explaining that "this Court has held that nonjurisdictional principles of due process and separation of powers are such as to render void from its inception conflicting legislation." *Marin*, 851 S.W.2d at 279.

presumed to be constitutional until it is determined otherwise.[52] The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional.

### 3. *Conclusion*

We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. We reverse the judgment of the court of appeals and remand to that court so that it may address appellant's remaining claims.[53]

Delivered: April 22, 2009
Publish

---

[52] *Flores v. State*, 245 S.W.3d 432, 438 (Tex. Crim. App. 2008); *Doe v. State*, 112 S.W.3d 532, 539 (Tex. Crim. App. 2003).

[53] Due to our disposition of the preservation of error issue, we dismiss State's second and third grounds for review, regarding the constitutionality of the statute. We note that appellant raised two other points of error that the court of appeals did not reach due to its own disposition. *See State v. Plambeck*, 182 S.W.3d 365, 367 n.10 (Tex. Crim. App. 2005)("court is not required to address issues that become moot because of the resolution of other issues").