**Pedro Cruz MUNIZ,**
**Petitioner-Appellant,**

v.

**Raymond K. PROCUNIER, Director of Texas Department of Corrections, Respondent-Appellee.**

No. 84–1791.

United States Court of Appeals, Fifth Circuit.

May 9, 1985.

Botello, Porter & Serna, Jesse Roy Botello, San Antonio, Tex. (court-appointed), for petitioner-appellant.

Deval L. Patrick, Joel Berger, New York City, for amicus curiae—NAACP.

Jim Mattox, Atty. Gen., Charles A. Palmer, Robert S. Walt, Austin, Tex., for respondent-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

On December 20, 1976 Pedro Cruz Muniz brutally raped and murdered a 19 year old college student. In 1977 he was tried in Williamson County, Texas, convicted, and sentenced to death. The Texas Court of Criminal Appeals affirmed in 1978, *Muniz v. State*, 573 S.W.2d 792 (Tex.Cr.App.1978), and the Supreme Court denied certiorari, 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 291 (1979). The state court then denied a collateral attack upon the sentence in 1979. Muniz sought federal relief by this suit filed in 1979. The district court denied it in 1984.

## I.

The issue here is whether Muniz is entitled to relief from his death sentence because of *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In that case the Court, affirming this circuit and the district court, held that both the Fifth and Sixth Amendments are violated by a doctor's testimony on future dangerousness of the defendant when the opinion is based on questioning conducted without a prior warning on the Fifth Amendment privilege and without opportunity for advice of counsel. The psychiatrist who interviewed Muniz did so at the direction of the prosecutor and without notice to the attorney for Muniz. No *Miranda* warning was given Muniz, nor was he told that the responses to the doctor's questions might be used against him on issues governing his punishment. The psychiatrist then used that interview as the basis for his opinion, to which he testified at the punishment phase of the trial, that Muniz would probably commit criminal acts of violence that would constitute a continuing threat to society. There is no question but that, under *Estelle v. Smith*, there were Fifth and Sixth Amendment violations. The legal argument occurs because the *Estelle v. Smith* decisions, from trial court to Supreme Court, came after the trial of Muniz and because there was no objection raised at the trial by counsel for Muniz.

## II.

The federal district court denied the writ because of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), holding that by Texas law there had been a waiver of these claims by the failure to object to the testimony. The Texas Court of Criminal Appeals had disposed of this claim, raised by Muniz on direct appeal, by saying that any error was waived by the failure to object. When the Texas court denied habeas corpus in 1979, it no doubt held the same view of the law and the case. So it is true that the Texas court has denied relief to Muniz on the ground of procedural waiver. However, that decision came, on both direct appeal and collateral attack, prior to *Estelle v. Smith* when, as the Texas Court of Criminal Appeals stated in its footnote, there was no error to be objected to under Texas law. 573 S.W.2d at 795 n. 5. Under the well established Texas law in 1978 and 1979 the interview of the psychiatrist was held not to be testimonial or adversarial, thereby not implicating the Fifth or Sixth Amendments. *See, e.g., Armstrong v. State*, 502 S.W.2d 731, 734–35 (Tex.Crim. App.1973); *Livingston v. State*, 542 S.W.2d 655, 661–62 (Tex.Crim.App.1976). After *Estelle v. Smith* corrected these Texas holdings, the Texas Court of Criminal Appeals ruled that the failure to object at a trial conducted prior to the Supreme Court's decision constitutes no waiver of *Estelle v. Smith* violations. While there

may have been some doubt on this point in the past, *see Green v. Estelle,* 712 F.2d 995 (5th Cir.1983), the Texas court has recently repeated its retroactive application of *Estelle v. Smith* and has upheld a collateral attack despite the lack of an objection at trial, *Ex parte Chambers,* 688 S.W.2d 483 (Tex.Crim.App.1984).

Where the state court has rejected petitioner's claim on grounds of procedural waiver under an incorrect view of the underlying law and where the state now applies no waiver under the same circumstances, no consideration of comity would lead a federal court to bar the petitioner from presenting these claims. To deny to Muniz, a death-sentenced prisoner, the equal recourse against constitutional violations would be fundamentally unjust. *See Engle v. Isaac,* 456 U.S. at 135, 102 S.Ct. at 1576, 71 L.Ed.2d 783 (1982).

### III.

■ The State urges, however, that we should not give *Estelle v. Smith* retroactive application. Recognizing that this circuit has done so in *Battie v. Estelle,* 655 F.2d 692 (5th Cir.1981), the State argues that the Supreme Court's writing in *Solem v. Stumes,* —— U.S. ——, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984), has changed the rules of retroactivity and thereby required a result different from *Battie.* In *Solem* the Supreme Court refused to give retroactive application to *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Texas contends that under the same rationale *Estelle v. Smith* would not be given retroactivity. This argument depends upon our regarding *Estelle v. Smith* as a new decision of constitutional law to the same effect of *Edwards.* While *Estelle v. Smith* may have been a new and clear break with the past in the view of Texas courts, we do not think the Supreme Court so regarded it. The Court saw the psychiatric testimony on future dangerousness, without prior warning or advice of counsel, as violating clearly established constitutional law. It was a unanimous judgment, three of the justices saying that the 1964 case of *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964),

decided the matter. While the Supreme Court in *Solem* did discuss necessary considerations, in giving retroactivity to a new and unforeshadowed holding, which we did not consider in *Battie,* neither do we need to reach them here in a case where, as we held in *Battie,* the holding has not established a new principle of constitutional law.

■ We must give effect here to *Estelle v. Smith.* Under that decision the Fifth and Sixth Amendments were violated at the punishment phase of Muniz's trial, and his death sentence cannot stand. The judgment of the district court denying the writ of habeas corpus is reversed. The case is remanded to that court with directions to grant relief in accordance with this opinion.

REVERSED AND REMANDED.