Jessie Ray JONES, Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 84–1401
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 18, 1985.

---

Steve Bush, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Jim Mattox, Atty. Gen., Leslie A. Benitez, Asst. Atty. Gen., Duane E. Crowley, Jr., Enforcement Div., Austin, Tex., for respondent-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

On January 15, 1974, William Cain was murdered in a convenience store robbery in Dallas, Texas. Later that year, Jessie Ray Jones, the petitioner herein, was tried, convicted, and sentenced to death for capital murder arising out of Cain's death.[1] On appeal, the Texas Court of Criminal Appeals affirmed. *Jones v. State,* 568 S.W.2d 847 (Tex.Crim.App.1978). The Supreme Court of the United States denied certiorari. *Jones v. Texas,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978). Jones' subsequent petitions for writ of habeas corpus were denied both in the state courts and in the federal district court. On appeal to this Court, Jones argues that the admission of psychiatric testimony at the punishment stage of his state court trial violated his rights under the Fifth, Sixth, and Fourteenth Amendments as interpreted in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). *See also Battie v. Estelle,* 655 F.2d 692 (5th Cir.1981); *Gholson v. Estelle,* 675 F.2d 734 (5th Cir.1982). Finding Jones' contention and the State's response controlled by *Smith* and this Court's recent decision in *Muniz v. Procunier,* 760 F.2d 588 (5th Cir.1985), we hold that Jones' Fifth Amendment rights, as enunciated in *Smith,* were indeed violated by the admission of psychiatric testimony at the punishment stage. The judgment of the district court denying the writ of habeas corpus is reversed and the case is remanded for relief consistent with this opinion.

I. DISCUSSION

Jones was arrested on February 6, 1974. At the punishment stage of his trial,[2] the prosecution introduced the testimony of Dr. James Grigson and Dr. John Holbrook. Both Drs. Grigson and Holbrook examined Jones twice before the punishment stage of the trial,[3] and both concluded from these examinations and Jones' history that he was a sociopath and therefore would continue to be a future danger to society. *See* Tex.Code Crim.Proc.Ann. art. 37.071(b)(2) (Vernon 1981) (jury in capital murder case must determine in order to impose the death sentence "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society"). At trial, the state court trial judge apparently recognized that admission of the psychia-

---

1. A more detailed statement of the facts surrounding the instant case may be found in the opinion of the Texas Court of Criminal Appeals, *Jones v. State,* 568 S.W.2d 847 (Tex.Crim.App.) (en banc), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978).

2. Texas employs a bifurcated proceeding in capital murder cases—a guilt phase and a penalty phase. If the defendant is found guilty, a separate proceeding before the same jury is held to fix punishment. At the penalty phase, if the jury affirmatively answers three questions on which the State bears the burden of proof beyond a reasonable doubt, the judge must impose the death sentence. Tex.Code Crim.Proc.Ann.

art. 37.071(a) (Vernon 1981). *See also Estelle v. Smith,* 451 U.S. at 457–58 & n. 2, 101 S.Ct. at 1870 & n. 2.

3. Dr. Grigson, who has testified for the prosecution in several reported cases, first examined Jones on March 14, 1974. On May 9, 1974, Jones filed a motion to determine competency to stand trial and sanity at the time of the offense. On that same date, Jones requested a trial on the issue of competency and was examined by Dr. Holbrook. On May 16, 1974, Jones was found competent to stand trial. On May 30, 1974, Jones was again examined by Dr. Holbrook and on June 4, 1974, he was again examined by Dr. Grigson.

trists' testimony endangered Jones' Fifth Amendment rights against self-incrimination. Accordingly, the trial judge, in response to a defense motion to suppress entirely both doctors' testimony on Fifth Amendment grounds, suppressed only that testimony from the psychiatrists (1) as to the contents of any conversation that they had with Jones while he was in custody and (2) any opinions by the psychiatrists based on a conversation regarding the facts of the case against Jones. State Trial Record Vol. VIII at 2777–78. As a result of the jury's findings—including an affirmative finding that Jones would probably commit future criminal acts of violence that would constitute continuing threats to society— Jones was sentenced to death. Jones presented no evidence at either the guilt or punishment determination stages of the trial.

In *Estelle v. Smith*, the Supreme Court, affirming this Court, held that "both the Fifth and Sixth Amendments are violated by a doctor's testimony on future dangerousness of the defendant when the opinion is based on questioning conducted without a prior warning on the Fifth Amendment privilege and without opportunity for advice of counsel." *Muniz*, 760 F.2d at 589.[4]

While the federal district court held that *Estelle v. Smith* does not apply to the instant case on the basis that the doctors' testimony was not based on facts communicated to them by Jones, the State has since abandoned its argument that the communications between the doctors and Jones were non-testimonial in nature. *See Gholson, supra.* The State now rests solely on its argument that *Estelle v. Smith*, which was decided after the punishment stage in Jones' trial, should not be applied retroactively. This contention, however, has been rejected both by this Court, *see Muniz*, and by the Texas Court of Criminal Appeals, *see Ex parte Chambers*, 688 S.W.2d 483 (Tex.Crim.App.1984) (en banc), *petition for cert. filed* (June 4, 1985).[5] Accordingly, we are bound by *Muniz* and must reject the State's response and hold that Jones' Fifth Amendment rights as enunciated in *Smith* were violated by the introduction of the psychiatric testimony.[6]

## II. CONCLUSION

The judgment of the district court is reversed. The case is remanded to that court with directions to grant relief in accordance with this opinion.

**REVERSED AND REMANDED.**

---

**4.** Although the State appears to have conceded the point in a later motion, *see* n. 5 *infra*, the State in its initial brief contended that Jones had failed to demonstrate that he did not receive *Miranda* warnings. Even assuming that the State has not conceded this argument, we find the State's argument that Jones voluntarily waived his right against self-incrimination unpersuasive in light of the record. *See Battie*, 655 F.2d at 703 n. 24; *Gholson*, 675 F.2d at 739 n. 4.

**5.** The State of Texas has petitioned the Supreme Court of the United States for a writ of certiorari in *Chambers*. The State moved this Court to stay proceedings in the instant case pending the outcome of the Supreme Court's action on the State's *Chambers* petition. In this motion, the State conceded its remaining contentions. In particular, the State related:

> Respondent's second argument to this Court that no fifth amendment violation occurred because the communications between the examining psychiatrist and the defendant were non-testimonial in nature is abandoned. After further reflection, Respondent concludes that this argument was dispositively decided

against the state in *Gholson v. Estelle*, 675 F.2d 734 (5th Cir.1982). *Gholson* had not been decided at the time Respondent originally advanced the non-testimonial argument in the district court. This Court, however, is bound by *Gholson*.

. . . . .

> To summarize Respondent's position, unless the Supreme Court reverses *Chambers* on the ground that *Estelle v. Smith* error should not be applied retroactively, resolution of *Jones* is controlled by *Muniz*. Respondent requests the Court stay further proceedings in *Jones* until the Supreme Court has acted on the state's request for certiorari in *Chambers*.

Upon consideration, this Court denied the State's motion for a stay pending the outcome of the petition for certiorari in *Chambers*.

**6.** Since we hold that Jones' Fifth Amendment rights were violated, we need not reach the issue of whether Jones' Sixth Amendment right to counsel was violated. *See Battie*, 655 F.2d at 694 n. 2. We also do not reach Jones' second ground for relief of prosecutorial misconduct in argument during the penalty phase.