Jerry W. CRAKER, Petitioner-Appellee,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellant.

No. 85-1595.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1986.

---

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Bill Radford (Court-appointed), Dallas, Tex., for petitioner-appellee.

Jerry W. Craker, pro se.

Before THORNBERRY, JOHNSON, and WILLIAMS, Circuit Judges.

JOHNSON, Circuit Judge:

The State appeals in this statutory habeas corpus case, 28 U.S.C. § 2254, from a district court judgment granting relief to the petitioner Jerry Craker. We conclude that the Supreme Court's decision in *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), requires denying Craker's claim and reversing the judgment of the district court.

## I. BACKGROUND

In January 1979, Jerry Craker forged and passed a check for twenty dollars. A few days later, he was arrested and charged with forgery, a second degree felony. Following his arrest, Craker contacted Keith Woodley, an experienced criminal lawyer. Woodley investigated the case and determined that a conviction was probable. In the meantime, the State offered Craker a plea bargain of seven years' imprisonment. Craker discussed the offer with Woodley and decided to accept.

Before he could accept, however, the State learned that Craker had a number of prior convictions. This discovery led the State to withdraw its seven-year plea offer. Instead, the State offered Craker a twenty-

year sentence, the maximum punishment for forgery enhanced by a prior felony. If he refused the offer, the State promised to reindict Craker as a habitual offender and seek a mandatory life sentence. According to Woodley, he advised Craker to accept the offer and Craker agreed.[1]

Craker expected the trial court to appoint Woodley as his lawyer, and the court intended to do so. On the day of Craker's trial, however, Woodley was nowhere to be found. Instead, the trial court appointed Woodley's partner Jim Dudley, a civil lawyer with only slight knowledge of the case. After no more than ten minutes of conversation with Dudley, Craker pleaded guilty. The state trial judge thoroughly admonished Craker about his rights and then accepted the plea. The judge sentenced Craker, on the prosecutor's recommendation, to twenty years' imprisonment.

Several months after his conviction, Craker sought a state writ of habeas corpus, alleging ineffective assistance of counsel. The same state judge who had accepted Craker's guilty plea presided over the hearing on Craker's habeas corpus claim. He remembered the events surrounding Craker's plea, and after hearing Craker's testimony, stated from the bench:

> I feel that ... in reasonable likelihood there was insufficient time that was afforded you and your attorney.... [T]here's a very real question raised in the Court's mind whether or not there was a sufficient time devoted.... Mr. Craker, because the Court, this Court has knowledge there's been an error

committed, and I want to correct that, and I feel there's a likelyhood [sic] that you did not receive all of your full rights you were entitled to, ...

The court entered written findings of fact and conclusions of law granting Craker's request for relief. On review, however, the Texas Court of Criminal Appeals reversed the trial court's order, concluding that Craker had failed to establish ineffective assistance.

Having exhausted his state remedies, Craker filed a federal habeas corpus application, again asserting ineffective assistance of counsel. The district court reviewed the state habeas corpus record and granted Craker's application for the writ. On appeal, a panel of this Court reversed and remanded the case for reconsideration in light of the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In particular, the panel instructed the district court to determine whether Craker had been prejudiced by his trial counsel's performance. As part of that inquiry, the panel instructed the district court to determine whether Craker's plea was knowing and voluntary. *See Craker v. Procunier*, 756 F.2d 1212, 1214–15 (5th Cir.1985).

On remand, the district court determined that Craker's plea had not been knowing and voluntary and that his attorney's performance had prejudiced Craker. To support its finding of prejudice, the district court cited a more favorable plea agreement Craker received in a later but related forgery prosecution. In that later prosecu-

1. Neither the quantity or quality of Woodley's pretrial representation of Craker is clear from the record. Although Craker has admitted discussing the State's seven-year plea offer with Woodley, his testimony at the state evidentiary hearing implies that he and Woodley never discussed the State's subsequent twenty-year offer. Craker also testified that he and Woodley never discussed the forgery charge. The state trial court made no findings of fact on these points.

Woodley, on the other hand, has testified by affidavit filed in the federal district court that

> Prior to the entry of Craker's plea of guilty, I had counseled with him concerning the charges pending against him.... I am certain that I discussed the facts of the case with

> Craker.... Prior to the day Craker entered his guilty plea, I discussed the alternatives with him. He agreed that in view of the totality of circumstances, including the probability of conviction and the further probability of a sentence of life imprisonment, that he should plead guilty in return for a recommendation of a twenty-year sentence.

Woodley's testimony was never offered at the state evidentiary hearing, possibly because he was representing Craker at that hearing. The federal district court denied the State's request for such a hearing at the federal level and that denial was affirmed by a panel of this Court on appeal. *See Craker v. Procunier*, 756 F.2d 1212, 1214–15 (5th Cir.1985).

tion, Craker had pleaded guilty to a separate charge of forgery by passing, enhanced by a prior conviction. In exchange for his guilty plea, Craker received a fifteen-year sentence and a promise that the instant case would be dismissed if Craker prevailed on his habeas corpus petition. Keith Woodley represented Craker in securing this fifteen-year plea agreement. Based on this latter agreement, the district court concluded that Craker was prejudiced in the instant case "by receiving the maximum twenty-year sentence rather than the fifteen-year sentence bargained for some fourteen months later, and this actual and substantial disadvantage in sentence disparity dictates the granting of the writ." The State appeals from the district court's judgment granting relief.

## II. DISCUSSION

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), Craker must show that his attorney's performance was deficient and that the deficient performance prejudiced his case. On appeal, the State contends that Craker has failed to establish either deficient performance or prejudice. We need not reach the performance question, however, because we agree that Craker has failed to establish prejudice within the meaning of *Strickland.*

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. What constitutes prejudice varies depending on the defendant's claim. When, for example, the defendant challenges a death sentence, "the question is whether there is a reasonable probability that, absent the errors, the sentencer ... would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Id.* at 2069. On the other hand,

when a defendant challenges a conviction, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.*

The Supreme Court has recently established the showing required to establish prejudice in the context of a guilty plea. In *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), petitioner pleaded guilty to murder and theft charges. Petitioner later sought habeas corpus relief arguing that because his attorney had misinformed him regarding his parole eligibility date, the attorney had rendered ineffective assistance of counsel. According to petitioner, this ineffective assistance resulted in a guilty plea that was not "knowing and intelligent" and thus entitled him to a new trial. The Supreme Court disagreed.

The Court first held that *Strickland's* two-part performance/prejudice test applies to challenges to guilty pleas based on ineffective assistance of counsel. The Court then defined "prejudice" in the guilty plea context:

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

106 S.Ct. at 370. Applying this test, the Court observed that the petitioner had failed to allege in his habeas corpus petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. Because petitioner had failed to allege the kind of prejudice necessary to satisfy *Strickland*, the Court affirmed the district court's denial of relief.[2] *Id.* at 371.

2. Under *Hill*, a showing that counsel failed to provide representation sufficient to ensure an intelligent plea decision does not alone establish an ineffective assistance claim. The petitioner must also show that had the plea decision been properly informed, there is a reasonable proba-

Craker's allegation here that effective counsel would have negotiated a better bargain also fails to satisfy the prejudice prong of *Strickland* as interpreted in *Hill*. Under *Hill*, the question is not whether Craker would have received a better deal with effective representation, but whether he would have rejected the deal offered and gone to trial. Craker's federal habeas corpus application contains no allegation that with effective assistance he would have rejected the State's twenty-year plea offer and gone to trial. Moreover, the district court's finding of prejudice rested solely on its conclusion that Craker could have received a better bargain. There has, therefore, been no allegation or finding of the prejudice necessary to satisfy *Hill*.

Craker argues that the panel's decision in *Craker v. Procunier*, 756 F.2d 1212 (5th Cir.1985), decided prior to *Hill*, conclusively established his right to relief. According to Craker, *Hill* should not be applied to divest him of that preexisting right. This argument, however, attaches far too much significance to the panel's decision in *Craker*. Rather than holding that Craker had established ineffective assistance, the panel remanded the case to the district court, specifically to determine whether Craker had been prejudiced by his counsel's performance. Thus, the merits of Craker's ineffective assistance claim were yet to be determined.

To the extent Craker argues that *Hill* should not apply retroactively to pending habeas corpus cases, this argument is equally unpersuasive. Whether the standard articulated in *Hill* should apply to Craker's case is not a true question of retroactivity, but a question of a controlling precedent intervening between the date on which a lower court ruled and the date on which the ruling is considered on appeal. *See Ricalday v. Procunier*, 736 F.2d 203, 206 n. 1 (5th Cir.1984) (applying newly announced *Strickland* decision in reviewing district court decision on ineffective assistance claim). In such a situation, the appellate court is to apply the law as it

exists at the time of appellate review. *Id.* Moreover, when a Supreme Court decision merely applies settled precedent in a particular factual setting, no real question arises as to whether the decision should apply retroactively. *See United States v. Johnson*, 457 U.S. 537, 550, 102 S.Ct. 2579, 2586, 73 L.Ed.2d 202 (1982); *Muniz v. Procunier*, 760 F.2d 588, 590 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 267 (1985). The Supreme Court's unanimous judgment in *Hill*, rather than establishing a new principle of constitutional law, merely involves a particular application of the prejudice standard established in *Strickland*. We must, therefore, give immediate effect to that application.

In the alternative, Craker argues that we should presume prejudice in the instant case under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In *Cronic*, the Supreme Court indicated that there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658, 104 S.Ct. at 2047. Such circumstances exist "if the accused is denied counsel at a critical stage of his trial." *Id.* at 659, 104 S.Ct. at 2047. As the Supreme Court further explained in *Strickland v. Washington*, the "[a]ctual or constructive denial of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692, 104 S.Ct. at 2067. A constructive denial of counsel occurs, however, in "only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied *any meaningful assistance at all.*" *Martin v. McCotter*, 796 F.2d 813, 820 (5th Cir.1986) (quoting *Chadwick v. Green*, 740 F.2d 897, 901 (11th Cir.1984)).

The instant case does not fall within that narrow spectrum of cases described in *Cronic*. Although Dudley was appointed to represent Craker only moments before the guilty plea, Dudley's law partner Woodley had investigated the case and advised

bility the petitioner would have elected to go to trial.

Craker to plead guilty. Dudley knew that Woodley and Craker had discussed the guilty plea and satisfied himself that Craker wanted to go through with the bargain. Dudley ensured that Craker understood the terms of the bargain and discussed various options with Craker, including obtaining a continuance to wait for Woodley. Dudley's efforts in conjunction with those of Woodley provided Craker with "some meaningful assistance." Craker must, therefore, allege and prove prejudice under *Hill* to establish ineffective assistance of counsel. Since he has not, the judgment of the district court is

REVERSED.