IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41330
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MIGUEL CHAVEZ-ARELLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-355-2
_____

September 19, 2001

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jose Miguel Chavez-Arellano of possession with intent to

distribute methamphetamine and a related conspiracy count. A coconspirator

pleaded guilty to one possession count and testified that Chavez played an integral

part in the drug transaction and that Chavez supplied the methamphetamine.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chavez testified that he was an innocent bystander and that he was unaware that the coconspirator was dealing in drugs. Under § 3C1.1 of the sentencing guidelines, the court imposed a two-point increase in Chavez's total offense level for obstruction of justice based on his trial testimony.

Chavez timely appealed and contends that (1) the court abused its discretion in denying a motion for a continuance on the eve of trial; (2) counsel was ineffective; (3) the evidence was insufficient for conviction; and (4) the two-level enhancement was erroneous.

Chavez's retained attorney moved orally for a continuance on the eve of trial; the motion was denied. "This court will reverse a district court's decision denying a defendant's motion for continuance only when the district court has abused its discretion and the defendant can establish that he suffered serious prejudice."[1] Our review of the record satisfies that the district court did not abuse its discretion in denying the motion to continue, nor has Chavez suffered any prejudice.[2]

Chavez contends that his attorney was ineffective because he struck jurors he intended to keep and did not conduct adequate discovery and cross-examination regarding certain audio tapes. We generally do not review ineffective-assistance claims on direct appeal.[3] We will address, however, Chavez's two ineffectiveness claims because the record herein abundantly shows that they are without merit.

---

[1]United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995) (internal quotations and citation omitted).

[2]United States v. Hughey, 147 F.3d 423, 431 (5th Cir. 1998); Scott, 48 F.3d at 1389.

[3]United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999).

2

To prevail on a claim of ineffective assistance of counsel, Chavez must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.[4] The court employs "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[5] To show prejudice, Chavez must demonstrate that counsel's errors were so serious that they rendered "the result of the trial unreliable or the proceeding fundamentally unfair."[6] A failure to establish either prejudice or deficient performance defeats the claim.

Chavez's attorney told the district court after the voir dire that the list of jurors he wanted to keep inadvertently was used to strike those jurors. The court first characterized the purported error as "fundamental incompetence," but then stated that it was a "tactical maneuver" and "obvious." Selection of a jury is a matter of trial tactics.[7] "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[8]

Were we to assume that Chavez's attorney erred during jury selection, he nonetheless fails to show that he suffered prejudice through the seating of a biased

---

[4]Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

[5]Id. at 689; see Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994).

[6]Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

[7]Sharp v. Johnson, 107 F.3d 282, 287 (5th Cir. 1997).

[8]Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983).

jury.[9]  There is no evidence or even acceptable suggestion that any biased, incompetent, or ineligible juror was seated at Chavez's trial.

Chavez also fails to show any prejudice resulting from the timing of the discovery of the tapes or from counsel's cross-examination of the Government's witnesses thereon.  The cross examination was vigorous and Chavez cannot show any benefit that might have resulted from further cross-examination, particularly in light of the tapes' limited probative value.

Chavez was not constructively denied the assistance of counsel, and is not entitled to a presumption of prejudice.[10]  Because Chavez shows no prejudice resulting from counsel's performance, his ineffective-assistance claims necessarily fail.

Chavez contends that the evidence was insufficient to support the verdict and that the court should have granted his motion for acquittal.  A challenge to a motion of acquittal "is in effect a challenge to the sufficiency of evidence used to convict."[11]

Chavez did not renew the motion for acquittal at the close of all the evidence and our review is for plain error.[12]  Under plain-error review the conviction may be

---

[9]Clark v. Collins, 19 F.3d 959, 965 & n.25 (5th Cir. 1994) (ineffective-assistance claim failed because defendant did not show that counsel's performance in voir dire led to seating of biased jury).

[10]Craker v. McCotter, 805 F.2d 538 (5th Cir. 1986) (internal quotation marks and citations omitted).

[11]United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000).

[12]United States v. Vaquero, 997 F.2d 78 (5th Cir.1993).

4

reversed "only to avoid a manifest miscarriage of justice."[13] "Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking."[14]

Chavez's conviction rested largely on a coconspirator's testimony that he supplied the methamphetamine and was the major participant in the deal. The jury was entitled to believe the coconspirator's testimony because it was neither factually insubstantial nor inherently implausible.[15] Because the record is not devoid of evidence of guilt on either count, and the evidence of record is not so tenuous as to render the verdict "shocking," the insufficient-evidence claim necessarily fails.

Chavez contends that the two-level increase in his guidelines offense level for obstruction of justice was not supported by adequate independent findings. Section 3C1.1 of the guidelines provides for a two-level increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the

---

[13]United States v. Parker, 133 F.3d 322, 328 (5th Cir.1998).

[14]United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (quotations and citations omitted).

[15]United States v. Landerman, 109 F.3d 1053 (5th Cir. 1997) (finding evidence sufficient to convict because jury credited coconspirator's testimony that was neither factually impossible nor incredible); United States v. Greenwood, 974 F.2d 1449 (5th Cir. 1992) (same).

instant offense."[16]  "If a district court finds that a defendant has committed perjury at trial, an enhancement is <u>required</u> under section 3C1.1."[17]

Perjury occurs when a witness:  (1) testifies under oath or affirmation; (2) gives false testimony concerning a material matter; and (3) does so "with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory."[18]

To support an offense-level increase for obstruction of justice, it is enough that the court's finding "encompasses all of the factual predicates for a finding of perjury."[19]  The district court found that Chavez testified falsely at trial, and it directly addressed the falsity and implausibility of his testimony that he was an innocent bystander.  Chavez's statements concerned a material aspect of the case, and the jury's verdict supports the district judge's conclusion that the testimony was false.[20]  Chavez's false statements were willful and did not result from "confusion, mistake or faulty memory."[21]  The district court made an adequate and well-

---

[16]<u>United States v. Storm</u>, 36 F.3d 1289, 1295 (5th Cir. 1994) (quoting U.S.S.G. § 3C1.1).

[17]<u>Storm</u>, 36 F.3d at 1295 (emphasis added).

[18]<u>United States v. Dunnigan</u>, 507 U.S. 87, 94 (1993); <u>United States v. Cabral-Castillo</u>, 35 F.3d 182, 187 (5th Cir. 1994).

[19]<u>Dunnigan</u>, 507 U.S. at 95; <u>United States v. Laury</u>, 985 F.2d 1293, 1308 (5th Cir. 1993).

[20]<u>Laury</u>, 985 F.2d at 1309.

[21]<u>Cabral-Castillo</u>, 35 F.3d at 187.

supported finding that Chavez committed perjury. The court was required to enhance his sentence for obstruction of justice.[22]

The conviction and sentence are AFFIRMED.

---

[22]Storm, 36 F.3d at 1295.