# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10588

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

SHABBAR RAFIQ,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2018

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

      Shabbar Rafiq appeals the forfeiture of his property following his conviction and sentence for conspiracy to distribute a controlled substance and a controlled substance analogue. Rafiq asserts that he was denied his Sixth Amendment right to counsel in connection with the criminal forfeiture under 21 U.S.C. § 853(a) and that prejudice should be presumed.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-10588

"A constructive denial of counsel occurs . . . in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997) (quoting *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986)); *United States v. Cronic*, 466 U.S. 648, 659-61 & nn. 25, 28 (1984). When the constructive denial of counsel occurs, prejudice is presumed. *Cronic*, 466 U.S. at 659.

The record reflects that counsel's conduct in the district court proceedings did not constitute a complete abandonment. *See Bell v. Cone*, 535 U.S. 685, 695 (2002). Specifically, at the very least, counsel objected to the presentence report's findings regarding forfeiture on the basis that Rafiq did not own the property at issue and later withdrew the objection, indicating that Rafiq and counsel, at some point, discussed the forfeiture of Rafiq's property and whether he had a valid challenge to the forfeiture. As such, the *Cronic* standard does not apply, and Rafiq has not otherwise argued that he suffered prejudice because of any denial of counsel.

The judgment of the district court is **AFFIRMED**.

2