# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2019

Lyle W. Cayce
Clerk

No. 17-10706
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DAVID GOODWIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-91
USDC No. 2:12-CR-37-1

Before BENAVIDES, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Former federal prisoner Michael David Goodwin filed a 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for aiding and abetting health care fraud, alleging numerous grounds of ineffective assistance of counsel. After the district court denied his motion, this court granted him a certificate of appealability on the issue whether lead counsel, Clark Holesinger, rendered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance by failing to appear at Goodwin's rearraignment, sending local counsel, William Kelly, in his stead.

Following the denial of § 2255 relief, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). Ineffective assistance of counsel claims are mixed questions of law and fact, reviewed de novo. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). Factual findings, including credibility determinations, are not clearly erroneous so long as the findings are plausible in light of the record as a whole. *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010).

As he did below, Goodwin argues that he was wholly without counsel at rearraignment because Holesinger was his attorney, and he renews his assertion that Kelly's physical presence at rearraignment was insufficient because Kelly did not represent him but instead represented only his wife, Patricia Goodwin. He urges that Holesinger's failure to appear at that critical stage violated his Sixth Amendment rights, that *United States v. Cronic*, 466 U.S. 648 (1984), rather than *Strickland v. Washington*, 466 U.S. 668 (1984), therefore applies such that prejudice is presumed, and that reversal is thus appropriate.

Goodwin's argument is that Holesinger's absence and Kelly's substitution amounted to a constructive denial of counsel. The "constructive denial of counsel occurs, however, in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986) (citations, internal quotation marks and emphasis omitted). Goodwin bears the burden of proving

a constructive denial of counsel. *Childress v. Johnson*, 103 F.3d 1221, 1228-29 (5th Cir. 1997).

Here, the district court found Goodwin's assertion that Kelly was not his attorney to be incredible, instead finding that Kelly acted as local counsel and specifically crediting (1) Kelly's evidentiary hearing testimony explaining their attorney-client relationship, (2) Goodwin's sworn rearraignment testimony acknowledging Kelly's representation and expressing satisfaction with it, and (3) Goodwin's testimony at the *Garcia*[1] hearing requesting that Kelly and Holesinger jointly represent him and his wife. Goodwin makes no argument addressing these findings, much less demonstrating them to be clearly erroneous. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (stating that a party who fails to adequately brief an appellate issue waives it). Moreover, any such argument would be meritless. The court's findings are supported by the record and are further corroborated by Kelly's attendance at Goodwin's arraignment, Kelly's filing joint pre-trial pleadings on Goodwin's behalf, and Patricia Goodwin's evidentiary hearing testimony specifically admitting that Kelly represented both her and her husband. *See Montes*, 602 F.3d at 384.

Additionally, the credited evidentiary hearing and rearraignment testimony shows that Goodwin reviewed the charges, the plea agreement, and the factual basis with Kelly prior to pleading guilty, that Kelly was present to address any of Goodwin's questions or concerns, and that Goodwin raised none. Kelly thus provided "some meaningful assistance" to Goodwin. *See Craker*, 805 F.2d at 542-43. Consequently, Goodwin fails to show that the district court

---

[1] *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984).

erred in declining to apply the *Cronic* presumption of prejudice. *See Childress*, 103 F.3d at 1229, 1231-32.

The two-pronged *Strickland* analysis therefore applies to Goodwin's claim that Holesinger was ineffective in failing to attend rearraignment. However, as the Government points out, by failing to brief any argument that he was prejudiced by Holesinger's absence, his ineffective assistance claim therefore fails and is abandoned. *See Strickland*, 466 U.S. at 694, 697; *Scroggins*, 599 F.3d at 446; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(8). Further, even had Goodwin briefed it, any argument that he was prejudiced by Holesinger's failure to attend rearraignment would fail. The record does not support the conclusion that, but for Holesinger's absence, Goodwin would not have pleaded guilty. To the contrary, as the district court determined, the record establishes that Goodwin's primary goal was to have the charges against his wife dismissed, and his plea achieved that goal. That being so, he cannot demonstrate that, but for lead counsel's absence from rearraignment, he would not have pleaded guilty but would have insisted on going to trial. *See United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990); *see also Strickland*, 466 U.S. at 694, 697.

The district court's judgment is AFFIRMED.