Charles R. CHADWICK,
Petitioner-Appellant,

v.

Calvin E. GREEN, Superintendent, Wayne Correctional Institution, Odum, Georgia, Respondent-Appellee.

No. 83-8690.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1984.

James C. Bonner, Jr., Athens, Ga., for petitioner-appellant.

Paula K. Smith, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

The petitioner, Charles Chadwick, was convicted in 1965 of armed robbery and given a life sentence. He filed this petition for a writ of habeas corpus, contending that he was denied effective assistance of counsel because the trial court denied his attorneys sufficient time to prepare the case for trial. The district court, adopting the magistrate's recommendation, denied habeas relief, finding that the petitioner had failed to show that, even if his attorneys were ineffective, any prejudice had resulted. On appeal, the petitioner concedes that he has not shown any prejudice but argues that where state action has resulted in counsel's ineffectiveness, he should not have to demonstrate prejudice. Because we find the petitioner's argument without merit in light of the recent Supreme Court decision in *United States v. Cronic,* — U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), we affirm the denial of habeas relief.

I.

The facts of the case are undisputed. The petitioner committed the robbery on Saturday, January 16, 1965, and was arrested that night while fleeing with the captive victim in the victim's car. He confessed his guilt to the police and was indicted by a special session of the local grand jury on January 19th. That same day, an attorney who was trying a civil case before the court was appointed to represent Chadwick. A second attorney was appointed to assist in Chadwick's defense on either January 20th or 21st. Because both attorneys were involved in other trials during the week, they did not confer with the petitioner until the afternoon of Saturday, January 23rd. At the Saturday conference, Chadwick informed his attorneys that he had previously undergone psychiatric observation at the State Hospital in Milledgeville and that the psychiatrist who had cared for him had told him that he was on the verge of insanity and became temporarily insane when he consumed alcohol. The petitioner also stated that he had been drinking alcohol on the night of the robbery.

The attorneys spent Saturday, Sunday and Monday night researching and preparing the case. At a pretrial hearing on Tuesday,[1] Chadwick's attorneys moved for a continuance, arguing that they had not had adequate time to prepare the case and that they needed additional time to secure the petitioner's records from the state hospital and to interview the psychiatrist who had allegedly treated him. Defense counsel also moved for the appointment of a psychiatrist to examine the defendant. After hearing argument from both sides, the trial court denied both motions and the case proceeded to trial.

At trial defense counsel, through cross-examination of the state's witnesses, established that the petitioner had been drinking when the robbery was committed. Later, in a statement read to the jury, the petitioner related that he had been under psychiatric observation previously and that the psychiatrist had told him that he became temporarily insane when drunk. The petitioner also detailed to the jury how he had been drinking during the night of the robbery. The judge instructed the jury both on the defendant's insanity defense and on Georgia law that voluntary drunkenness is not an excuse for a criminal offense. The jury convicted the petitioner of armed robbery.

## II.

The magistrate, whose recommendation the district court adopted, concluded that "petitioner's counsel may have been ineffective because of their failure to investigate and develop petitioner's only defense in the case [insanity]," but denied habeas relief because the petitioner had not shown that he was prejudiced by such ineffectiveness. In so concluding, the magistrate pointed out that in the eighteen years [now nineteen] since the petitioner's conviction, not a single piece of evidence, including the alleged hospital records, have been produced to indicate that the petitioner was insane or had been treated by a psychiatrist. Indeed, viewing the evidence most favorably to the defendant, the record at most shows that the petitioner was insane because of voluntary intoxication, which under Georgia law is not a valid defense. *Thomas v. State*, 105 Ga.App. 754, 125 S.E.2d 679 (1962). The lower court thus denied the petition for a writ of habeas corpus for failure to show what Chadwick's counsel might have done, but did not do, such that it worked to his actual and substantial disadvantage.

The petitioner now argues on appeal that although he has not demonstrated prejudice, where the state has impeded defense counsel's effectiveness, a defendant need not demonstrate prejudice. The petitioner further argues that his is such a case, contending that the trial court's denial of a continuance resulted in his counsel being unable to prepare or investigate fully his sole defense of insanity.[2]

1. The petitioner claims that he was told on Sunday night that his trial was to begin Monday morning and that his trial actually did begin on Monday. The trial transcript, however, is dated Tuesday, January 26, 1965, and defense counsel in their argument at the hearing for a continuance stated that they had worked Monday night preparing the case. Even if the petitioner is correct and certain trial activities, such as jury selection, occurred on Monday rather than Tuesday, our disposition of the case would be unaffected.

2. The state contends that because the appellant did not argue specifically in the district court that a showing of prejudice was unnecessary, he should be barred from making such an argument for the first time on appeal. The state is correct that generally this court will not consider issues raised for the first time on appeal, *Stephens v. Zant*, 716 F.2d 276, 277 (11th Cir. 1983), unless we find it in the interests of justice to do otherwise, *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (addressing issues raised for the first time on appeal within court's discretion). Here, the new issue of whether prejudice need be shown was raised for the first time by the magistrate's ruling on the petitioner's ineffective assistance of counsel claim, a claim which he had vigorously pursued below. Given the manner in which the question of prejudice arose, as part of the petitioner's overall claim, we conclude that the interests of justice would best be served by addressing the question on appeal.

■ Subsequent to the district court's ruling, the Supreme Court clarified in *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Cronic, supra,* what constitutes a sixth amendment ineffective assistance of counsel claim. In *Washington,* the Court identified two components of an ineffective assistance claim: (1) counsel's representation must have fallen below "an objective standard of reasonableness," — U.S. at —, 104 S.Ct. at 2065, and (2) the defendant must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at —, 104 S.Ct. at 4572. Furthermore, a defendant must satisfy both the performance and prejudice prongs to successfully demonstrate an ineffective assistance claim. *Id.* at —, 104 S.Ct. at 2069.

■ In *Cronic,* the Court carved out a narrow exception to *Washington's* general rule that a defendant must demonstrate prejudice: a showing of prejudice is not necessary if there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." — U.S. at — —, 104 S.Ct. at 2046; *see also Washington,* — U.S. at —, 104 S.Ct. at 2065. Circumstances which would warrant a presumption of prejudice [3] from counsel's ineffectiveness are those where "the adversary process itself is [rendered] presumptively unreliable [by the circumstances]." *Id.* — U.S. at —, 104 S.Ct. at 2047. The Court cited as examples the cases of an accused who was denied counsel at a critical stage of the trial and a defendant whose lawyer had been denied the right of effective cross-examination. *Id.* at —, 104 S.Ct. at 2047 (citing *Davis v. Alaska,* 415 U.S. 308,

94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). It is within this narrow range of cases exemplified by such circumstances that the petitioner's ineffective assistance claim must fall to gain relief without a showing of prejudice.

Applying *Cronic* to the facts of this case is made easier because *Cronic* itself involved in part a claim that the trial court's denial of a continuance to allow further trial preparation had resulted in counsel's ineffectiveness.[4] In rejecting the defendant's claim, the Court made clear that a presumption of prejudice from a trial court's refusal to postpone a criminal trial will arise in only very limited and egregious circumstances. Indeed, the Court stressed that "great deference" must be given to a trial court's refusal to grant additional preparation time. *Id.* — U.S. at — n. 31, 104 S.Ct. at 2048 n. 31. As an illustration of the rare case where a presumption of prejudice would apply because of a lack of preparation time, the Court pointed to the case of *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), where defense counsel was appointed the day of trial and was denied any opportunity to prepare the case. — U.S. at —, 104 S.Ct. at 2047. As a contrast to *Powell,* the Court cited the case of *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940), where although counsel in a capital case was appointed only three days before trial, the Court held that because the evidence and witnesses were easily accessible, adequate time for preparation had been allowed. — U.S. at —, 104 S.Ct. at 2048. Moreover, contrary to petitioner's argument that a need to show prejudice is negated merely because the denial of the continuance was "state action," the *Cronic* Court expressly refused

---

**3.** To the extent that the term "presumption" implies that the state has an opportunity to rebut the presumption of prejudice, it is somewhat misleading. The *Cronic* and *Washington* opinions make clear that where actual or constructive denial of assistance of counsel occurs, a *per se* rule of prejudice applies. *See Washington,* — U.S. at — — —, 104 S.Ct. at 2067.

**4.** The defendant in *Cronic* argued in part that the 25 days allowed for defense counsel's trial preparation was inadequate given the complexity of the case and the four and a half years it had taken the government to investigate the case. The Court rejected the argument, finding that, in light of the undisputed historical facts of the case, the time was not so short that "it even arguably justifies" a presumption of prejudice. — U.S. at —, 104 S.Ct. at 2050.

to attach any significance to whether the alleged ineffectiveness was because of "external constraints," such as the denial of a continuance, or was caused by defense counsel's own actions. *Id.* at —— n. 31, 104 S.Ct. at 2048 n. 31.[5]

■ Applying the principles outlined in *Cronic*, we conclude that Chadwick's case does not justify a presumption of prejudice. The trial court heard argument on counsel's motion for a continuance, yet found that one was not necessary—a conclusion to be given great deference by this court. —— U.S. at —— n. 31, 104 S.Ct. at 2048 n. 31; *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). Nor can we say the trial court's ruling was clear error, as petitioner's counsel offered no evidence other than the petitioner's own statement that the petitioner's story had merit as a defense. The record also does not show that counsel attempted prior to trial to contact the psychiatrist, obtain the petitioner's records, or make any other efforts to verify the petitioner's statements which would have inclined the trial court to give credence to the petitioner's story. Moreover, as in *Powell* and *Cronic*, the historical facts of the crime were not in dispute. *See Cronic*, —— U.S. at —— & n. 37, 104 S.Ct. at 2050 & n. 37. Thus, any failure of counsel in this case to investigate and pursue all avenues of defense is best characterized as a failure by counsel in the performance of his investigatory duties, which is to be analyzed under *Washington*, —— U.S. at ——-——, ——, 104 S.Ct. at 2060–63, 2065, rather than as a fundamental breakdown of the adversarial process such that prejudice is presumed under *Cronic*. And, once the petitioner's case is subjected to a prejudice analysis under *Washington*, the petitioner concedes and the district court properly found that he has not demonstrated "a reasonable probability" that the trial's result would have been different.

In sum, we believe that when *Cronic* and *Washington* are read in conjunction, it becomes evident that *Cronic*'s presumption of prejudice applies to only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all. Thus simply because counsel's ineffectiveness was allegedly caused by the government's actions or because counsel's overall performance was substandard, a defendant has not made out a *Cronic* claim that would relieve him of the need to demonstrate prejudice. Rather, he must show that his counsel's performance was so impeded by the circumstances that it is unlikely that any lawyer could have provided effective assistance given the situation. The petitioner has made no such showing here and, therefore, the district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

---

5. The *Cronic* and *Washington* opinions are not entirely in accord on this point. While *Cronic* rejects a distinction based on whether counsel's deficiency was due to "external constraints" or self-imposed circumstances, —— U.S. at ——, n. 31, 104 S.Ct. at 2048 n. 31, *Washington* apparently places at least some significance on whether government interference was involved. —— U.S. at ——, 104 S.Ct. at 2067. Perhaps as a reflection of this difference, *Cronic* and *Washington* indicate a potentially different approach to conflict of interest cases: whereas *Washington* would provide only a limited presumption of prejudice, —— U.S. at ——-——, 104 S.Ct. at 2067, the *Cronic* opinion indicates that conflict of interest cases are subject to the same general standards as cases where government interference or other "external constraints" are involved, —— U.S. at —— n. 31, 104 S.Ct. at 2048 n. 31. Whether or not a difference in approaches between the two cases actually exists or is merely illusory, it has no effect on the outcome of this case: even if we attach special significance to the fact that state action was involved in the denial of the continuance, the petitioner has failed to show circumstances that would warrant a presumption of prejudice.