[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12155
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-01074-CV-J-32-HTS

WAYNE B. GAEDTKE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Wayne B. Gaedtke, through counsel, seeks review of the district court's denial of his habeas corpus petition, 28 U.S.C. § 2254, in which he raised, *inter alia*, an ineffective assistance of counsel claim arising out of his attorney's failure to perform an adequate investigation before advising Gaedtke to plead no contest to child molestation. We AFFIRM.

## I. BACKGROUND

Gaedkte was charged in 2004 with lewd and lascivious molestation of a person under the age of twelve (his granddaughter), in violation of Fla. Stat. Ann. § 800.04. Exh. Folder 9, Exh. E. The charge carried with it a maximum prison sentence of thirty years. *Id.*, Exh. A at 4. After spending thirty-four days in county jail without seeing a lawyer, Gaedtke was brought before a judge during an *en masse* arraignment. R1-1 at 7; Exh. Folder 16, Exh. G.

At the arraignment, the presiding judge informed the defendants that any plea offer they received that day would be the best offer they would ever receive, and that the offer would only be good for the day. Exh. Folder 16, Exh. G at 4-5. The judge also advised Gaedtke that he had to the right to plead not guilty and to a trial by jury and that if he pleaded no contest, "the only thing that will be left to do is to sentence [him]." *Id.* at 3-4. The state offered a plea of fifteen-years of imprisonment. Exh. Folder 9, Exh. A at 3-4; Exh. Folder 16, Exh. F. The judge

2

informed Gaedtke that the charge against him carried a maximum penalty of thirty years in prison and that if he had any prior qualifying convictions he could be declared a sexual predator and may be subject to commitment under Florida's Jimmy Ryce Civil Commitment Act. Exh. Folder 9, Exh. A at 4. Gaedtke told the court that he understood he was forfeiting the right to trial by entering into the plea agreement. *Id.* at 6. He denied any threats or coercion regarding his plea, confirmed that he had discussed his case with appointed counsel, and stated that he was satisfied with his representation. *Id.* at 6-7. Following the state's proffer, Gaedtke pleaded no contest and was sentenced to a term of fifteen years of imprisonment. *Id.* at 7; Exh. Folder 9, Exh. E at 4.

In April 2005, Gaedtke filed a motion for post-conviction relief in state court, pursuant to Florida Rule of Criminal Procedure 3.850. Exh. Folder 9, Exh. B. Gaedtke argued in his motion that his plea was not knowing and voluntary and that his trial counsel rendered ineffective assistance by failing to perform an investigation prior to advising him to plead no contest. *Id.* at 7, 9-11.

The state trial court rejected Gaedtke's arguments regarding the knowingness and voluntariness of his plea, finding that they were "clearly refuted" by the transcript of his plea hearing. Exh. Folder 9, Exh. C at 3. As to his ineffective-assistance-of-counsel claim, the trial court found that while Gaedtke

assert[ed] that his attorney performed no research on his case, conducted no investigation, and urged him to plead guilty[,] [he] . . . does not indicate how these supposed deficiencies affected the outcome of his case, and does not allege that he was prejudiced in any way by his attorney's actions. Since the Defendant has failed the prejudice prong of *Strickland* [*v. Washington*, 446 U.S. 668, 104 S. Ct. 2052 (1984)], there is no need to determine whether his attorney's conduct was actually deficient.

*Id.* The state appellate court denied Gaedtke's appeal without opinion as well as his subsequent motions for rehearing and rehearing *en banc*. *See Gaedtke v. State*, 908 So. 2d 1080 (Fla Dist. Ct. App. 2005); Exh. Folder 9, Exh. D.

On 17 October 2005, Gaedtke filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, in which he raised the same arguments that he raised in the state post-conviction proceedings. See R1-1 at 4, 6-9. In support of his petition, Gaedtke filed a memorandum stating that he would have pled not guilty at his arraignment had his counsel investigated his case and informed him that a plea of "no contest" was tantamount to a guilty plea and would result in no trial and immediate sentencing. R1-8 at 9-12. The state argued in response that Gaedtke's counsel was not ineffective because Gaedtke was able to secure a plea agreement that halved the term of imprisonment Gaedtke faced under the charges. R1-9 at 6-10.

The district court found that further development of the record was necessary and appointed a federal public defender to represent Gaedtke. R1-17,

4

19. The district court also *sua sponte* ordered further briefing on the issue of prejudice resulting from the alleged ineffectiveness of counsel. R1-31.

At the evidentiary hearing, Gaedtke testified that his appointed counsel had not read the case file before meeting with him and met with him for only ten to fifteen minutes. During that meeting, counsel's only advice to Gaedtke was to take the plea offered by the state. R3 at 17-27. According to Gaedtke, counsel did not explain the consequences of his plea (*i.e.*, that there would be no trial), and Gaedtke would not have accepted the plea had he been informed of those consequences. *Id.* at 25-29. Gaedtke admitted that the only three witnesses to the alleged crime had already given statements to the police at the time of his arraignment and explained that he did not seek to withdraw his plea upon learning the he would be sentenced immediately because he was "in shock." *Id.* at 36-40, 43-44.

James Jacobs, Gaedtke's appointed counsel, testified that he reviewed the discovery exhibit and case file provided by the state at the arraignment and met with Gaedtke for about fifteen to thirty minutes to discuss his case and the plea deal. *Id.* at 163-66. Viewing his contemporaneous notes, he stated that they discussed the Jimmy Ryce Act, the thirty-year maximum sentence, and the fifteen-year offer. *Id.* at 165-66. He testified that the case file contained a written

confession by Gaedtke and that Gaedtke never denied the charges against him and never told him that his confession had been coerced. *Id.* at 166-67; 171-71. Jacobs further testified that the discovery exhibit contained Gaedtke's criminal history, which showed that he had six prior felony convictions for sexually molesting his two stepdaughters. *Id.* at 168, 193-95. Finally, Jacobs stated that said he would not have allowed Gaedtke to accept the plea deal if there had been any indication that Gaedtke was hesitant about the agreement or had been coerced by law enforcement. *Id.* at 206-08.

Post-hearing briefs were permitted by the district court and were filed by both parties. *See generally* R1-49, 52, 53. The state argued that Gaedtke's ineffective-assistance-of-counsel claim was procedurally barred because, insofar as he did not allege prejudice, he failed to sufficiently plead an ineffective-assistance-of-counsel claim in the state proceedings. R1-52 at 11-13. The state argued alternatively that Gaedtke's claim failed on the merits, as he demonstrated neither deficient performance nor prejudice. *Id.* at 16-22.

The district court issued a 51-page order denying Gaedtke's petition on 25 March 2009. R1-56. The court first found that Gaedtke's ineffective-assistance-of-counsel claim was not procedurally barred because the state court's adjudication of that claim was not clearly and expressly based on independent and adequate

6

state procedural grounds. *Id.* at 8-9. The district court further ruled that Gaedtke's ineffective-assistance-of-counsel claim was sufficiently pled in the state court for procedural default purposes because Gaedtke "'presented his claim[] to the state court such that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation.'" *Id.* at 9 (citing *Williams v. Allen*, 542 F.3d 1326, 1345 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2383 (2009)).

The district court then found that, given the seriousness of the charges and penalties Gaedtke faced, it was objectively unreasonable for counsel to advise him to plead no contest at his arraignment after only a cursory review of the file and a short personal interview. *Id.* at 35-43. The district court reasoned that counsel had an affirmative duty, regardless of Gaedtke's admissions of guilt, to further investigate the charges and evidence against Gaedtke before considering a plea offer. *Id.* at 39-40.

Though troubled by counsel's deficient performance and what it described as "structural deficiencies" in the state proceedings, the district court nevertheless concluded that Gaedtke was not prejudiced thereby. *Id.* at 43-50. The court first found that, notwithstanding counsel's errors and any defects in the procedures employed by the state courts, Gaedtke's case did not represent the type of "fundamental breakdown of the adversarial process" giving rise to a presumption

7

of prejudice. *Id.* at 44-45. This was especially so, the court observed, in light of "the additional overlay of AEDPA deference due to the state court's decision that there was no prejudice." *Id.* The district court noted that such deference must be given to that decision, even though "it [was] not entirely clear whether the state habeas court found that Gaedtke had failed to adequately allege prejudice or whether it found that prejudice had not been shown." *Id.* at 45 n.16.

The court further found that, given the strength of the state's case, which included Gaedtke's signed confession; the testimony of the child victim, or, at the very least, the victim's statements to her mother, father, and grandmother; Gaedtke's prior felony convictions for molesting his two stepdaughters; and the sworn statement of Gaedtke's wife establishing Gaedtke's access to the victim and opportunity to commit the crime – all of which would have been admissible at trial – Gaedtke could not affirmatively establish prejudice under *Strickland*. *Id.* at 48-49. The court dismissed Gaedtke's assertions that there were other witnesses who could testify that they had access to the house on the day of the crime, that his wife's statement to police had been coerced, and that he had not been read his *Miranda*[1] rights. The district court first found that the testimony of the proposed witnesses would most likely be irrelevant given that there were only three people

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

in the house at the time of the offense – Gaedtke, his wife, and the victim – and each had provided statements to the police that day. *Id.* at 46-47. The court further found that Gaedtke's contention that his wife's sworn statement was coerced was contradicted by evidence that his wife had made a prior consistent statement to the responding deputy on the day of the incident. *Id.* at 47. Finally, the court found that because the discovery file contained a written and signed *Miranda* waiver, there was no merit to Gaedtke's claim that he was not advised of his *Miranda* rights and it was thus "highly unlikely that the confession would have been suppressed." *Id.* The district court therefore concluded that the record contained "nothing to suggest the likelihood that anything that counsel could have or would have done . . . would have led counsel to change his recommendation as to the plea, because there [was] in turn no likelihood that any actions by counsel likely would have changed the outcome of trial." *Id.* at 49 (quotation marks and citation omitted).

The district court denied Gaedtke's petition in its entirety, and a final judgment to that effect was entered on 26 March 2009. R1-57. On 28 April 2009, the district court granted Gaedtke's motion for a certificate of appealability as to its ruling on his ineffectiveness-of-counsel claim only, stating that "[r]easonable jurists would find [its] assessment of the constitutional claim debatable or wrong."

9

R1-60.

## II. DISCUSSION

On appeal, Gaedtke argues that the district court erred in refusing to apply a presumption of prejudice under *United States v. Cronic* 466 U.S. 648, 104 S. Ct. 2039 (1984) because his appointed counsel did not subject the state's case to any "meaningful adversarial testing" before recommending that he enter a plea at his arraignment. Gaedtke contends alternatively that, even without a presumption of prejudice, the district court erred in denying his ineffective-assistance-of-counsel claim because he demonstrated a reasonable probability, as required by *Strickland*, that, absent counsel's errors, he would not have pled no contest and would have insisted on going to trial. We disagree.

Because Gaedtke filed his habeas petition after 24 April 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, "which establishes a highly deferential standard for reviewing state court judgments." *Carroll v. Sec'y, Dept. of Corr.*, 574 F.3d 1354, 1364 (11th Cir. 2009) (quotation marks and citation omitted). Under AEDPA, federal courts may not grant habeas relief on any claim that was previously "adjudicated *on the merits*" by the state court, *unless* the adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as

10

determined by the Supreme Court of the United States; or

(2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2) (2009) (emphasis added).[2]

"A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dept. of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009) (quotation marks, alteration, and citation omitted) (per curiam). A state-court decision involves an unreasonable application of federal law where the state court unreasonably applies the correct governing legal principle to the facts, "unreasonably extends a legal principle . . . to a new context where it should not apply[,] or unreasonably refuses

---

[2] Gaedtke argues on appeal that the state court denied his ineffective-assistance-of-counsel claim as facially insufficient and, therefore, it was not an adjudication on the merits entitled to deference under § 2254(d). Although § 2254(d)(1)'s requirement of deference does not apply where the state court fails to resolve a federal constitutional claim on the merits, *see Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003) (per curiam), we think it is fairly clear that the state court, in concluding that Gaedtke "failed the prejudice prong of *Strickland*," Exh. Folder 9, Exh. C at 3, denied the claim "on the merits," so as to trigger 2254(d)(1)'s deference requirement, *see Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008) (per curiam) (stating that "a state court's summary rejection of a claim qualifies as an adjudication on the merits under § 2254(d) so as to warrant deference"); *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254-55 (11th Cir. 2002) (holding that under the plain language of § 2254(d)(1), "all that is required is a rejection of the claim on the merits, not an explanation"). Accordingly, we reject Gaedtke's argument that deference is not owed to the state court's decision in this case.

to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407, 120 S. Ct. 1495, 1520 (2000).

A federal court may also grant habeas relief if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court's factual determinations are entitled to a presumption of correctness that may be rebutted only by clear and convincing evidence that the state court's factual determinations were erroneous. *Id.* § 2254(e)(1); *see Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001). To prevail on a claim of ineffective-assistance-of-counsel, a petitioner must demonstrate that: (1) counsel's performance was deficient, *and* (2) the deficient performance prejudiced the outcome of the proceedings. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted). Because we conclude, for the reasons set forth below, that Gaedtke has failed to establish the required prejudice prong of his ineffective-assistance claim, we do not address the performance prong. *See Sullivan v. DeLoach*, 459 F.3d 1097, 1099 (11th Cir. 2006).

12

To show prejudice under *Strickland*, the petitioner must demonstrate a reasonable probability, which is "a probability sufficient to undermine confidence in the outcome," that, but for counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. at 694, 104 S. Ct. at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067.

In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Where the alleged error is the failure to adequately investigate, the prejudice inquiry will "depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.* "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

Although *Strickland* generally requires defendants alleging deficient performance to affirmatively prove prejudice, *see* 466 U.S. at 693, 104 S. Ct. at 2067, the Supreme Court held in *Cronic* that a showing of prejudice is not required "if there are 'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *Chadwick v. Green*,

13

740 F.2d 897, 900 (11th Cir. 1984) (quoting *Cronic*, 466 U.S. at 658, 104 S. Ct. at 2046). Circumstances giving rise to a presumption of prejudice include those in which the accused is denied counsel at a critical stage of his trial, the accused's counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," or the accused is "denied the right of effective cross-examination." *Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047 (quotation marks and citation omitted). "It is within this narrow range of cases exemplified by such circumstances that the petitioner's ineffective assistance claim must fall to gain relief without a showing of prejudice." *Chadwick*, 740 F.2d at 900. To the extent it applies, the burden of proof under *Cronic* is "a very heavy one." *Smith v. Wainwright*, 777 F.2d 609, 620 (11th Cir. 1985) (stating that "[w]e have yet to find that a petitioner received ineffective assistance of counsel under the *Cronic* standard based solely on his counsel's performance, without regard to some interference attributable to the state").

In this case, Gaedtke alleges that his appointed counsel failed to conduct an adequate investigation prior to advising him to plead no contest to the charge against him. We have held, however, that counsel's failure "to investigate and pursue all avenues of defense is best characterized as a failure by counsel in the performance of his investigative duties, which is to be analyzed under [*Strickland*],

14

rather than as a fundamental breakdown of the adversarial process such that prejudice is presumed under *Cronic*." *Chadwick*, 740 F.2d at 901. Because Gaedtke's ineffective-assistance-of-counsel claim pertains solely to appointed counsel's failure to investigate, we cannot say that it falls within that "very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Id.*

Because Gaedtke is not entitled to a presumption of prejudice, he must affirmatively prove prejudice under *Strickland*. This he cannot do. The record reflects that, at the time of Gaedtke's arraignment, the state's case consisted of the following: (1) a signed confession from Gaedtke, admitting that he had fondled his granddaughter; (2) a written statement from his wife establishing that Gaedtke had the opportunity to commit the crime; (3) admissible prior statements from Gaedtke's stepdaughters claiming similar abuse when they were young girls; (4) Gaedtke's convictions in Virginia for molestation of his stepdaughters; and (5) either the live testimony of the child victim alleging molestation by Gaedtke or prior consistent statements she made to relatives about the abuse.

Although Gaedtke claimed that there were additional witnesses who would testify that they had access to the house on the day of the crime, that his wife's

15

statement was coerced, and that he did not receive his *Miranda* warnings, the district court found that the proposed witness testimony would have limited, if any, probative value, that Gaedtke's wife had given a prior consistent statement to the officer on the scene the day before, and that the case file contained a signed *Miranda* waiver. Because the evidence Gaedtke claims his counsel should have discovered through investigation would not likely have changed the outcome of the trial, we fail to see how it would have led counsel to change his plea recommendation. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Accordingly, we agree with the district court that the state court did not unreasonably apply *Strickland* when it found that Gaedtke failed to show that he was prejudiced by counsel's failure to conduct a pre-plea investigation.

### III. CONCLUSION

Gaedtke appeals from the district court's denial of his § 2254 petition for a writ of habeas corpus, in which he alleged that he received ineffective assistance from his trial counsel during the plea process. For the reasons set forth herein, the judgment of the district court denying petition for a writ of habeas corpus is **AFFIRMED.**